# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| AQUESTIVE THERAPEUTICS, INC.,    ) <br>    ) <br> Plaintiff,    ) <br>    ) <br> v.    ) <br>    ) <br> BIODELIVERY SCIENCES    ) <br> INTERNATIONAL, INC.,    ) <br>    ) <br> Defendant.    ) <br>    ) | Civil Action No. 5:19-cv-00505-D |

**BIODELIVERY'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET
OF REQUESTS FOR PRODUCTION PURSUANT TO RULE 34 (NOS. 13-55)**

Pursuant to Federal Rules of Civil Procedure 34, Defendant BioDelivery Sciences International, Inc. ("BioDelivery") objects and responds to Plaintiff Aquestive Group, Inc.'s Second Set of Requests for Production Pursuant to Rule 34 (Nos. 13-55) dated November 3, 2021 as follows:

**GENERAL OBJECTIONS**

BioDelivery incorporates each of the following General Objections into its responses to each of Aquestive's Requests for Production ("Request" or "Requests"), whether or not each such General Objection is expressly cited in BioDelivery's response to a specific Request.

1.      BioDelivery will make a reasonable effort to respond to Aquestive's Requests, as BioDelivery understands and interprets those Requests. If Aquestive subsequently asserts an interpretation of any Request that differs from BioDelivery' interpretation, then BioDelivery reserves the right to supplement and amend its objections and responses.

2.      BioDelivery objects to any Request to the extent that it is overly broad or unduly

burdensome, or purports to impose upon BioDelivery any duty or obligation that is inconsistent with or in excess of those obligations that are imposed by the Federal Rules of Civil Procedure, the Court's local rules, or any other applicable rule. In particular, BioDelivery objects to any Request to the extent that it calls for information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case.

3. BioDelivery objects to any Request to the extent that it purports to impose a duty or obligation to search for information and documents beyond a reasonable search of its files where information responsive to the Requests would reasonably be expected to be found.

4. BioDelivery objects to any Request that seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest doctrine, or any other applicable privilege or immunity. The inadvertent disclosure of information protected from disclosure by any privilege or doctrine shall not constitute a waiver by BioDelivery of such objections or protections. To the extent that a Request calls for documents containing privileged information, BioDelivery will produce a privilege log at an appropriate time and subject to Aquestive also providing a privilege log.

5. BioDelivery objects to any Request that seeks "any," "each," or "all" documents or things as overly broad and unduly burdensome, except to the extent that such Request seeks reasonably narrow, non-cumulative information. BioDelivery notes that most of the Requests are objectionable insofar as they, at a minimum, seek "all documents" or "all communications." Requests demanding the production of "all documents" are not proportional to the needs of this case. In response, and subject to its other objections, BioDelivery will produce responsive, representative documents that are non-cumulative, not protected from disclosure by the attorney-

2

client privilege, work product doctrine, or any other applicable privilege or protection, and that can be reasonably identified after a reasonable search of its files where documents responsive to such a Request would reasonably be expected to be found.

6. BioDelivery objects to any Request that is premature and/or conflicts with any schedule for disclosure or expert opinions entered by the Court or provided for by the local rules.

7. BioDelivery objects to Aquestive's "Definitions" and "Instructions" to the extent that they attempt to impose burdens and requirements upon BioDelivery that exceed or differ from the requirements of Rules 26 and 34 of the Federal Rules of Civil Procedure, the Court's local rules, or any other applicable rule or court order.

8. BioDelivery objects to Aquestive's definition of "infringe" and "infringement" to the extent that it purports to include infringement theories not alleged in this case.

9. BioDelivery objects to each Request to the extent that it seeks information that BioDelivery is under an obligation to a third party or a court order not to disclose, or is precluded from disclosing under legal obligations of any kind, including domestic or foreign privacy laws, U.S. agency regulations (e.g., regulations of the Department of Transportation and the TSA), and the like. BioDelivery will only produce responsive, non-privileged or otherwise protected information in accordance with any applicable legal standards and after receiving approval from the relevant third parties and in accordance with the Protective Order entered in the above-captioned litigation.

10. BioDelivery objects to the Requests to the extent they are not limited to a reasonable time period.

11.     BioDelivery objects to each Request that refers to "patents-in-suit" as vague and ambiguous in that only the '167 patent is asserted in this action.  Accordingly, BioDelivery will respond to each such Request only with respect to the '167 patent.

12.     BioDelivery's responses and objections to the Requests are made without waiver and with preservation of the following rights and privileges:

a.      all questions as to competency, relevance, materiality, privilege, and admissibility of the responses and the subject matter thereof for any purpose and in any further proceeding in this lawsuit (including trial) and in any other action or matter;

b.      the right to object to the use of any such responses or the subject matter thereof, on any ground in any further proceeding in this lawsuit (including trial) and in any other action or matter;

c.      the right to object on any ground at any time to a Request or request for further responses; and

d.      the right at any time to review, correct, add to, supplement, or clarify any of the responses contained herein.

13.     BioDelivery objects to the Instructions to the extent they seek to impose unilateral parameters concerning the collection and production of electronically stored information (ESI) beyond those required by the Federal Rules of Civil Procedure and any applicable local rule or court order.

14.     All responses to the Requests are based on information presently known to

BioDelivery after reasonable investigation. BioDelivery's objections as set forth herein are made without prejudice to BioDelivery's right to assert any additional or supplemental objections.

15.     Any response in which BioDelivery agrees to produce responsive documents, whether or not made subject to objections, is not an admission or representation that any such document exists.

**SPECIFIC RESPONSES AND OBJECTIONS TO**

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

REQUEST FOR PRODUCTION NO. 13:

All documents and things relating to the research, development, and testing of any pharmaceutical film product regardless of what active ingredient is involved (i.e., products in which the active ingredient is carried within a film formulation) performed by, on behalf of, or at the direction of Defendant, including all documents relating to: (i) manufacturing processes attempted; (ii) evaluations, measurements, or tests relating to the distribution of active ingredients in an individual dosage unit; (iii) the identity, amounts, and proportions of excipients tried; (iv) the identity, amount, and proportion of active ingredients tried; (v) attempts to vary a drying process, including attempts to vary at least one controlled drying parameter, including but not limited to air current temperature, air current velocity, air current humidity, drying time, direction or location of a heat source or air current, type of radiation, or intensity of radiation; (vi) attempts to vary a drying process to avoid a rippling effect; and (vii)

5

any patents or published literature relied on during the course of such research, development, and testing.

RESPONSE TO REQUEST NO. 13:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as vastly overbroad, unduly burdensome, and not proportional to the needs of this case in purporting to demand the production of "[a]ll documents and things relating to the research, development, and testing of any pharmaceutical film product regardless of what active ingredient is involved … performed by, on behalf of, or at the direction of Defendant…" BioDelivery further objects to this Request as seeking production of documents and things having no relevance to the claims and defenses in this matter, including in demanding production of documents and things "relating to the research, development, and testing of any pharmaceutical film product regardless of what active ingredient is involved... on behalf of, or at the direction of Defendant…" BioDelivery further objects to this Request as vague and ambiguous, in particular in demanding the production of "[a]ll documents and things relating to the research, development, and testing of any pharmaceutical film product regardless of what active ingredient is involved…"

Subject to these objections and the foregoing General Objections, BioDelivery responds that it is willing to meet and confer to narrow the scope of this Request.

REQUEST FOR PRODUCTION NO. 14:

All documents and things relating to any and all sublingual films formulated with buprenorphine, ever designed, studied, researched, analyzed, developed, made, used,

6

manufactured, sold, promoted, marketed, offered for sale, distributed, or demonstrated by or on behalf of Defendant, including but not limited to Defendant's BELBUCA Products, including without limitation all documents and things concerning:

(a) conception, research, comparisons, tests, evaluations, studies, analyses, design or development;

(b) manufacture or production;

(c) distribution, use, marketing, advertising, demonstration, offers for sale, or sales;

(d) all business and marketing plans, budget reviews, business group plans, market share analyses, sales group plans, market surveys, market studies or evaluations, sales results, profit results, competitive analyses, profitability analyses, sales projections, and advertising plans;

(e) all promotional literature, advertisements, sales and marketing information, brochures, flyers, handouts, specification sheets, or the like;

(f) all purchase or sale contracts, draft contracts, proposed contracts, purchase orders, or offers for sale; and

(g) all budgeted and actual costs for research and development, manufacturing, marketing, advertising, administration, distribution, quality control, warranty, goods, inventory, or sales.

RESPONSE TO REQUEST NO. 14:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest

doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as vastly overbroad, unduly burdensome, and not proportional to the needs of this case in purporting to demand the production of "[a]ll documents and things relating to any and all sublingual films formulated with buprenorphine, ever designed, studied, researched, analyzed, developed, made, used, manufactured, sold, promoted, marketed, offered for sale, distributed, or demonstrated by or on behalf of Defendant, including but not limited to Defendant's BELBUCA Products…" BioDelivery further objects to this Request as vague and ambiguous, in particular in demanding the production of "any and all sublingual films formulated with buprenorphine, ever designed, studied, researched, analyzed, developed, made, used, manufactured…" BioDelivery further objects to this Request as seeking production of documents and things having no relevance to the claims and defenses in this matter, including in demanding production of documents and things reflecting "any and all sublingual films formulated with buprenorphine, ever designed, studied, researched, analyzed, developed, made, used, manufactured…, including without limitation all documents and things concerning: (a) conception, research, comparisons, tests, evaluations, studies, analyses, design or development; (b) manufacture or production…." BioDelivery further objects to this Request to the extent that it seeks non-party documents and information not in BioDelivery's custody, possession, or control.

Subject to these objections and the foregoing General Objections, BioDelivery responds that it is willing to meet and confer to narrow the scope of this Request.

REQUEST FOR PRODUCTION NO. 15:

All correspondence, agreements, and/or contracts between or among Defendant and any and all third parties with regard to any aspect of the product that ultimately was approved as the

BELBUCA product buprenorphine sublingual film products, including research and development, manufacture or production, ingredient sourcing, and/or marketing and promotion.

RESPONSE TO REQUEST NO. 15:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as vastly overbroad, unduly burdensome, and not proportional to the needs of this case in purporting to demand the production of "[a]ll correspondence, agreements, and/or contracts between or among Defendant and any and all third parties with regard to any aspect of the product that ultimately was approved as the BELBUCA product buprenorphine sublingual film products...." BioDelivery further objects to this Request to the extent that the Request requires a search and review of documents beyond that which is contemplated by the ESI Order agreed upon by the parties.. BioDelivery further objects to this Request to the extent that it seeks non-party documents and information not in BioDelivery's custody, possession, or control.

Subject to these objections and the foregoing General Objections, BioDelivery responds that it is willing to meet and confer to narrow the scope of this Request.

REQUEST FOR PRODUCTION NO. 16:

All documents and things discussing or otherwise referring to the impact of a drying process on the distribution of an active ingredient in a pharmaceutical film product, including but not limited to the impact of varying the type of heat source(s), the location of the heat source(s), or at least one controlled drying parameter (e.g., air current temperature, air current velocity, air

9

current humidity, drying time, type of radiation, or intensity of radiation) on the uniform distribution of an active ingredient in a pharmaceutical film product.

RESPONSE TO REQUEST NO. 16:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as vastly overbroad, unduly burdensome, and not proportional to the needs of this case in purporting to demand the production of "[a]ll documents and things discussing or otherwise referring to the impact of a drying process on the distribution of an active ingredient in a pharmaceutical film product, including but not limited to the impact of varying the type of heat source(s), the location of the heat source(s), or at least one controlled drying parameter … on the uniform distribution of an active ingredient in a pharmaceutical film product."

Subject to these objections and the foregoing General Objections, BioDelivery responds that it will produce responsive, non-privileged, non-work product documents in its possession, custody, and control relevant to the claims and defenses in this action to the extent any are located after a reasonable search and subject to the terms of the protective order in this matter.

REQUEST FOR PRODUCTION NO. 17:

All documents and things discussing or otherwise referring to the methods of avoiding a rippling effect during a drying process on the uniform distribution of an active ingredient in a pharmaceutical film product.

RESPONSE TO REQUEST NO. 17:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as vastly overbroad, unduly burdensome, and not proportional to the needs of this case in purporting to demand the production of "[a]ll documents and things discussing or otherwise referring to the methods of avoiding a rippling effect during a drying process on the uniform distribution of an active ingredient in a pharmaceutical film product."

Subject to these objections and the foregoing General Objections, BioDelivery responds that it will produce responsive, non-privileged, non-work product documents in its possession, custody, and control relevant to the claims and defenses in this action to the extent any are located after a reasonable search and subject to the terms of the protective order in this matter.

REQUEST FOR PRODUCTION NO. 18:

All documents and things discussing or otherwise referring to drying processes used in the manufacture of a pharmaceutical film, including but not limited to how those drying process impact the distribution of the active ingredient in the film.

RESPONSE TO REQUEST NO. 18:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as vastly overbroad, unduly burdensome, and not proportional to the needs of this case in purporting to demand the

ME1 38539355v.1

production of "[a]ll documents and things discussing or otherwise referring to drying processes used in the manufacture of a pharmaceutical film, including but not limited to how those drying process impact the distribution of the active ingredient in the film."

Further, BioDelivery objects to this Request as duplicative of the information provided by BioDelivery pursuant to Local Patent Rules 303.3 and 303.4 in BioDelivery's Preliminary Invalidity Contentions, and all amendments thereto, which are incorporated herewith by reference. BioDelivery also objects to this Request as premature to the extent it purports to demand the production of expert discovery.

Subject to these objections and the foregoing General Objections, BioDelivery responds that it will produce responsive, non-privileged, non-work product documents in its possession, custody, and control relevant to the claims and defenses in this action to the extent any are located after a reasonable search and subject to the terms of the protective order in this matter.

REQUEST FOR PRODUCTION NO. 19:

All documents and things concerning any patent literature, non-patent literature (including but not limited to any publications, articles, or abstracts), or oral or written presentations authored, prepared, or made by Defendant, or at the instruction of or on behalf of the Defendant, concerning pharmaceutical film technology, buprenorphine, or a drying process of a pharmaceutical film product.

RESPONSE TO REQUEST NO. 19:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as vastly overbroad, unduly

burdensome, and not proportional to the needs of this case in purporting to demand the production of "[a]ll documents and things concerning any patent literature, non-patent literature …, or oral or written presentations authored, prepared, or made by Defendant … concerning pharmaceutical film technology, buprenorphine, or a drying process of a pharmaceutical film product." BioDelivery further objects to this Request as vague and ambiguous, in particular in demanding the production of "any patent literature, non-patent literature …, or oral or written presentations…" BioDelivery further objects to this Request to the extent that it seeks non-party documents and information not in BioDelivery's custody, possession, or control.

Further, BioDelivery objects to this Request as duplicative of the information provided by BioDelivery pursuant to Local Patent Rules 303.3 and 303.4 in BioDelivery's Preliminary Invalidity Contentions, and all amendments thereto, which are incorporated herewith by reference. BioDelivery also objects to this Request as premature to the extent it purports to demand the production of expert discovery.

Subject to these objections and the foregoing General Objections, BioDelivery responds that it will produce responsive, non-privileged, non-work product documents in its possession, custody, and control relevant to the claims and/or defenses in this case to the extent any are located after a reasonable search and subject to the terms of the protective order in this matter.

REQUEST FOR PRODUCTION NO. 20:

All documents and things concerning any patents or patent applications, whether in the United States or in foreign countries, that Defendant has filed or that have been assigned to Defendant concerning pharmaceutical films, including any communications to or from the United States Patent and Trademark Office and/or foreign patent offices concerning any such patents or patent applications.

ME1 38539355v.1

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as vastly overbroad, unduly burdensome, and not proportional to the needs of this case in purporting to demand the production of "[a]ll documents and things concerning any patents or patent applications… that Defendant has filed or that have been assigned to Defendant concerning pharmaceutical films..." BioDelivery further objects to this Request to the extent that the Request requires a search and review of documents beyond that which is contemplated by the ESI Order agreed upon by the parties.

Further, BioDelivery objects to this Request as duplicative of the information provided by BioDelivery pursuant to Local Patent Rules 303.3 and 303.4 in BioDelivery's Preliminary Invalidity Contentions, and all amendments thereto, which are incorporated herewith by reference.

Subject to these objections and the foregoing General Objections, BioDelivery responds that it will produce responsive, non-privileged, non-work product documents in its possession, custody, and control relevant to the claims and/or defenses asserted in this action to the extent any are located after a reasonable search and subject to the terms of the protective order in this matter.

<u>REQUEST FOR PRODUCTION NO. 21:</u>

All documents concerning any analysis comparing or contrasting any of the claims of the patent-in-suit with any formulation or product of Defendant or of any other person or entity, including Defendant's BELBUCA Products.

<u>RESPONSE TO REQUEST NO. 21:</u>

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as vastly overbroad, unduly burdensome, and not proportional to the needs of this case in purporting to demand the production of "[a]ll documents concerning any analysis comparing or contrasting any of the claims of the patent-in-suit with any formulation or product of Defendant or of any other person or entity..." BioDelivery further objects to this Request as vague and ambiguous, in particular in demanding the production of "any analysis comparing or contrasting any of the claims of the patent-in-suit with any formulation or product…" BioDelivery further objects to this Request to the extent that it seeks non-party documents and information not in BioDelivery's custody, possession, or control.

Further, BioDelivery objects to this Request as duplicative of the information provided by BioDelivery pursuant to Local Patent Rules 303.3 and 303.4 in BioDelivery's Preliminary Invalidity Contentions, and all amendments thereto, which are incorporated herewith by reference. BioDelivery also objects to this Request as premature to the extent it purports to demand the production of expert discovery.

ME1 38539355v.1

Subject to these objections and the foregoing General Objections, BioDelivery responds that it will produce responsive, non-privileged, non-work product documents in its possession, custody, and control to the extent any are located after a reasonable search and subject to the terms of the protective order in this matter.

REQUEST FOR PRODUCTION NO. 22:

All documents relating to or referring to any materials that Defendant contend are prior art to the patent-in-suit.

RESPONSE TO REQUEST NO. 22:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case in purporting to demand the production of "[a]ll documents relating to or referring to any materials that Defendant contend are prior art..." BioDelivery further objects to this Request to the extent that it seeks non-party documents and information not in BioDelivery's custody, possession, or control. BioDelivery further objects to this Request as vague and ambiguous, in particular in demanding the production of "any materials that Defendant contend are prior art..."

Further, BioDelivery objects to this Request as duplicative of the information provided by BioDelivery pursuant to Local Patent Rules 303.3 and 303.4 in BioDelivery's Preliminary Invalidity Contentions, and all amendments thereto, which are incorporated herewith by reference. BioDelivery also objects to this Request as premature to the extent it purports to demand the production of expert discovery.

Subject to these objections and the foregoing General Objections, BioDelivery responds that it will produce responsive, non-privileged, non-work product documents in its possession, custody, and control to the extent any are located after a reasonable search and subject to the terms of the protective order in this matter.

REQUEST FOR PRODUCTION NO. 23:

All validity or patentability prior art searches or investigation reports relied upon, reviewed, generated, performed, commissioned, ordered, requested, received, contracted, or purchased by Defendant with regard to the patent-in-suit.

RESPONSE TO REQUEST NO. 23:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as vastly overbroad, unduly burdensome, and not proportional to the needs of this case in purporting to demand the production of "[a]ll validity or patentability prior art searches or investigation reports relied upon, reviewed, generated, performed, commissioned, ordered, requested, received, contracted, or purchased by Defendant."

Further, BioDelivery objects to this Request as duplicative of the information provided by BioDelivery pursuant to Local Patent Rules 303.3 and 303.4 in BioDelivery's Preliminary Invalidity Contentions, and all amendments thereto, which are incorporated herewith by reference. BioDelivery also objects to this Request as premature to the extent it purports to demand the production of expert discovery.

17

Subject to these objections and the foregoing General Objections, BioDelivery responds that it will produce responsive, non-privileged, non-work product documents in its possession, custody, and control to the extent any are located after a reasonable search and subject to the terms of the protective order in this matter.

REQUEST FOR PRODUCTION NO. 24:

All documents relating or referring to any attempts to replicate, reverse engineer, or deformulate examples of products or processes disclosed in any of the patent-in-suit or any related patents.

RESPONSE TO REQUEST NO. 24:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case in purporting to demand the production of "[a]ll documents relating or referring to any attempts to replicate, reverse engineer, or deformulate examples of products or processes disclosed in any of the patent-in-suit or any related patents." BioDelivery further objects to this Request as seeking production of documents and things having no relevance to the claims and defenses in this matter, including in demanding production of documents and things reflecting "any attempts to replicate, reverse engineer, or deformulate examples of products or processes disclosed in … any related patents." BioDelivery further objects to this Request to the extent that it seeks non-party documents and information not in BioDelivery's custody, possession, or control.

18

Further, BioDelivery objects to this Request as duplicative of the information provided by BioDelivery pursuant to Local Patent Rules 303.3 and 303.4 in BioDelivery's Preliminary Invalidity Contentions, and all amendments thereto, which are incorporated herewith by reference. BioDelivery also objects to this Request as premature to the extent it purports to demand the production of expert discovery.

Subject to these objections and the foregoing General Objections, BioDelivery responds that it will produce responsive, non-privileged, non-work product documents in its possession, custody, and control relevant to the claims and/or defenses asserted in this case to the extent any are located after a reasonable search and subject to the terms of the protective order in this matter.

REQUEST FOR PRODUCTION NO. 25:

All documents and things that relate to secondary considerations pertaining to the patentability of the claims of the patents-in-suit under 35 U.S.C. § 103, including all such secondary consideration information that Defendant contends militates in favor of finding any of such claims obvious or which tends to undermine or contradict such contentions.

RESPONSE TO REQUEST NO. 25:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case in purporting to demand the production of "[a]ll documents and things that relate to secondary considerations pertaining to the patentability of

19

the claims of the patents-in-suit under 35 U.S.C. § 103..." BioDelivery further objects to this Request to the extent that it seeks non-party documents and information not in BioDelivery's custody, possession, or control.

Further, BioDelivery objects to this Request as duplicative of the information provided by BioDelivery pursuant to Local Patent Rules 303.3 and 303.4 in BioDelivery's Preliminary Invalidity Contentions, and all amendments thereto, which are incorporated herewith by reference. BioDelivery also objects to this Request as premature to the extent it purports to demand the production of expert discovery. BioDelivery also objects to this Interrogatory as nonsensical in seeking production of information regarding the "patents-in-suit" and will limit any response to the '167 patent.

Subject to these objections and the foregoing General Objections, BioDelivery responds that it will produce responsive, non-privileged, non-work product documents in its possession, custody, and control to the extent any are located after a reasonable search and subject to the terms of the protective order in this matter.

REQUEST FOR PRODUCTION NO. 26:

All documents and things referring or relating to what Defendant contend to be the level of a person of ordinary skill in the area of the patents-in-suit, including any and all information relating to the state of the art in pharmaceutical film technology as of about 2001, 2002, and 2006, including all such information that Defendant contends support those positions or that tends to undermine or contradict such contentions.

ME1 38539355v.1

<u>RESPONSE TO REQUEST NO. 26:</u>

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case in purporting to demand the production of "[a]ll documents and things referring or relating to what Defendant contend to be the level of a person of ordinary skill in the area of the patents-in-suit..." BioDelivery further objects to this Request as vague and ambiguous, in particular in demanding the production of "all such information that Defendant contends support those positions or that tends to undermine or contradict such contentions."

Further, BioDelivery objects to this Request as duplicative of the information provided by BioDelivery pursuant to Local Patent Rules 303.3 and 303.4 in BioDelivery's Preliminary Invalidity Contentions, and all amendments thereto, which are incorporated herewith by reference. BioDelivery also objects to this Request as premature to the extent it purports to demand the production of expert discovery. BioDelivery also objects to this Interrogatory as nonsensical in seeking production of information regarding the "patents-in-suit" and will limit any response to the '167 patent.

Subject to these objections and the foregoing General Objections, BioDelivery responds that it will produce responsive, non-privileged, non-work product documents in its possession, custody, and control to the extent any are located after a reasonable search and subject to the terms of the protective order in this matter.

ME1 38539355v.1

REQUEST FOR PRODUCTION NO. 27:

All documents that refer to, relate to, support, demonstrate, or evidence the obviousness or non-obviousness of any inventions claimed in the patents-in-suit, including all such information that Defendant contends support their positions on obviousness.

RESPONSE TO REQUEST NO. 27:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case in purporting to demand the production of "[a]ll documents that refer to, relate to, support, demonstrate, or evidence the obviousness or non-obviousness of any inventions claimed in the patents-in-suit..."

Further, BioDelivery objects to this Request as duplicative of the information provided by BioDelivery pursuant to Local Patent Rules 303.3 and 303.4 in BioDelivery's Preliminary Invalidity Contentions, and all amendments thereto, which are incorporated herewith by reference. BioDelivery also objects to this Request as premature to the extent it purports to demand the production of expert discovery. BioDelivery also objects to this Interrogatory as nonsensical in seeking production of information regarding the "patents-in-suit" and will limit any response to the '167 patent.

Subject to these objections and the foregoing General Objections, BioDelivery responds that it will produce responsive, non-privileged, non-work product documents in its possession,

custody, and control to the extent any are located after a reasonable search and subject to the terms of the protective order in this matter.

REQUEST FOR PRODUCTION NO. 28:

All documents that Defendant contends support or demonstrate any motivation or lack thereof to combine prior art teachings to yield the inventions claimed in the patent-in-suit.

RESPONSE TO REQUEST NO. 28:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case in purporting to demand the production of "[a]ll documents that Defendant contends support or demonstrate any motivation or lack thereof to combine prior art teachings to yield the inventions claimed."

Further, BioDelivery objects to this Request as duplicative of the information provided by BioDelivery pursuant to Local Patent Rules 303.3 and 303.4 in BioDelivery's Preliminary Invalidity Contentions, and all amendments thereto, which are incorporated herewith by reference. BioDelivery also objects to this Request as premature to the extent it purports to demand the production of expert discovery.

Subject to these objections and the foregoing General Objections, BioDelivery responds that it will produce responsive, non-privileged, non-work product documents in its possession, custody, and control to the extent any are located after a reasonable search and subject to the terms of the protective order in this matter.

23

<u>REQUEST FOR PRODUCTION NO. 29:</u>

All documents and things relating to Defendant's assertions that one or more claims of the patent-in-suit are invalid, including all such information that Defendant contends supports those positions or which tends to undermine or contradict such contentions.

<u>RESPONSE TO REQUEST NO. 29:</u>

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case in purporting to demand the production of "[a]ll documents and things relating to Defendant's assertions that one or more claims of the patent-in-suit are invalid..."

Further, BioDelivery objects to this Request as duplicative of the information provided by BioDelivery pursuant to Local Patent Rules 303.3 and 303.4 in BioDelivery's Preliminary Invalidity Contentions, and all amendments thereto, which are incorporated herewith by reference. BioDelivery also objects to this Request as premature to the extent it purports to demand the production of expert discovery.

Subject to these objections and the foregoing General Objections, BioDelivery responds that it will produce responsive, non-privileged, non-work product documents in its possession, custody, and control to the extent any are located after a reasonable search and subject to the terms of the protective order in this matter.

<u>REQUEST FOR PRODUCTION NO. 30:</u>

All documents and things relating to Defendant's assertions that one or more claims of the patent-in-suit are unenforceable, including all such information that Defendant contends supports those positions or which tends to undermine or contradict such contentions.

<u>RESPONSE TO REQUEST NO. 30:</u>

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case in purporting to demand the production of "[a]ll documents and things relating to Defendant's assertions that one or more claims of the patent-in-suit are unenforceable..." BioDelivery further objects to this Request as vague and ambiguous, in particular in demanding the production of "…all such information …which tends to undermine or contradict such contentions."

Further, BioDelivery objects to this Request as duplicative of the information provided by BioDelivery pursuant to Local Patent Rules 303.3 and 303.4 in BioDelivery's Preliminary Invalidity Contentions, and all amendments thereto, which are incorporated herewith by reference. BioDelivery also objects to this Request as premature to the extent it purports to demand the production of expert discovery. BioDelivery further objects to this Request to the extent that it seeks non-party documents and information not in BioDelivery's custody, possession, or control.

25

Subject to these objections and the foregoing General Objections, BioDelivery responds that it will produce responsive, non-privileged, non-work product documents in its possession, custody, and control to the extent any are located after a reasonable search and subject to the terms of the protective order in this matter.

REQUEST FOR PRODUCTION NO. 31:

All legal opinions relating to the interpretation, construction, scope, and meaning of the claims in the patent-in-suit.

RESPONSE TO REQUEST NO. 31:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case in purporting to demand the production of "[a]ll legal opinions relating to the interpretation, construction, scope, and meaning of the claims in the patent-in-suit." BioDelivery further objects to this Request to the extent that it seeks non-party documents and information not in BioDelivery's custody, possession, or control.

Further, BioDelivery objects to this Request as duplicative of the information provided by BioDelivery pursuant to Local Patent Rule 304.

Subject to these objections and the foregoing General Objections, BioDelivery responds that it will produce responsive, non-privileged, non-work product documents in its possession, custody, and control to the extent any are located after a reasonable search and subject to the terms of the protective order in this matter.

ME1 38539355v.1

REQUEST FOR PRODUCTION NO. 32:

All legal opinions relating to the validity, enforceability, or existence of infringement of the patent-in-suit.

RESPONSE TO REQUEST NO. 32:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case in purporting to demand the production of "[a]ll legal opinions." BioDelivery further objects to this Request to the extent that it seeks non-party documents and information not in BioDelivery's custody, possession, or control.

Further, BioDelivery objects to this Request as duplicative of the information provided by BioDelivery pursuant to Local Patent Rules 303.3 and 303.4 in BioDelivery's Preliminary Invalidity Contentions, and all amendments thereto, which are incorporated herewith by reference. BioDelivery also objects to this Request as premature to the extent it purports to demand the production of expert discovery.

Subject to these objections and the foregoing General Objections, BioDelivery responds that it will produce responsive, non-privileged, non-work product documents in its possession, custody, and control to the extent any are located after a reasonable search and subject to the terms of the protective order in this matter.

ME1 38539355v.1

REQUEST FOR PRODUCTION NO. 33:

All documents and things relating to Defendant's decision(s) to develop and market a sublingual film containing buprenorphine, including but not limited to consideration of: (i) medical patient or treatment needs; (ii) advantages of a film formulation with a uniform distribution of an active ingredient in or among individual doses, such as an active ingredient not varying by more than 10% between individual doses; (iii) market and competitor analysis; (iv) profit, revenue, and market share expectations.

RESPONSE TO REQUEST NO. 33:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as vastly overbroad, unduly burdensome, and not proportional to the needs of this case in purporting to demand the production of "[a]ll documents and things relating to Defendant's decision(s) to develop and market a sublingual film containing buprenorphine..."

Further, BioDelivery objects to this Request as duplicative of the information provided by BioDelivery pursuant to Local Patent Rules 303.3 and 303.4 in BioDelivery's Preliminary Invalidity Contentions, and all amendments thereto, which are incorporated herewith by reference. BioDelivery also objects to this Request as premature to the extent it purports to demand the production of expert discovery.

Subject to these objections and the foregoing General Objections, BioDelivery responds that it will produce responsive, non-privileged, non-work product documents in its possession,

28

custody, and control relevant to the claims and/or defenses asserted in this action to the extent any are located after a reasonable search and subject to the terms of the protective order in this matter.

## REQUEST FOR PRODUCTION NO. 34:

All documents relating to Defendant's decision to file an NDA for Defendant's BELBUCA Products.

## RESPONSE TO REQUEST NO. 34:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as vastly overbroad, unduly burdensome, and not proportional to the needs of this case in purporting to demand the production of "[a]ll documents relating to Defendant's decision to file an NDA for Defendant's BELBUCA Products." BioDelivery further objects to this Request as vague and ambiguous, in particular in demanding the production of "[a]ll documents relating to Defendant's decision…"

Subject to these objections and the foregoing General Objections, BioDelivery responds that it will produce responsive, non-privileged, non-work product documents in its possession, custody, and control to the extent any are located after a reasonable search and subject to the terms of the protective order in this matter.

## REQUEST FOR PRODUCTION NO. 35:

All documents reflecting internal communications relating to Defendant's BELBUCA Products, the patents-in-suit, Defendant's NDA, or this litigation.

RESPONSE TO REQUEST NO. 35:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as vastly overbroad, unduly burdensome, and not proportional to the needs of this case in purporting to demand the production of "[a]ll documents reflecting internal communications relating to BELBUCA Products...[or] Defendant's NDA…" BioDelivery further objects to this Request to the extent that the Request requires a search and review of documents beyond that which is contemplated by the ESI Order agreed upon by the parties. BioDelivery also objects to this Interrogatory as nonsensical in seeking production of information regarding the "patents-in-suit" and will limit any response to the '167 patent.

Subject to these objections and the foregoing General Objections, BioDelivery responds that it will produce responsive, non-privileged, non-work product documents in its possession, custody, and control relevant to the claims and/or defenses asserted in this action to the extent any are located after a reasonable search and subject to the terms of the protective order in this matter.

REQUEST FOR PRODUCTION NO. 36:

All documents reflecting communications between Defendant and any third party relating to Defendant's BELBUCA products, the patents-in-suit, Defendant's NDA, or this litigation.

RESPONSE TO REQUEST NO. 36:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as vastly overbroad, unduly burdensome, and not proportional to the needs of this case in purporting to demand the production of "[a]ll documents reflecting communications between Defendant and any third party relating to Defendant's BELBUCA products … [or] Defendant's NDA,…." BioDelivery further objects to this Request to the extent that the Request requires a search and review of documents beyond that which is contemplated by the ESI Order agreed upon by the parties. BioDelivery also objects to this Interrogatory as nonsensical in seeking production of information regarding the "patents-in-suit" and will limit any response to the '167 patent.

Subject to these objections and the foregoing General Objections, BioDelivery responds that it will produce responsive, non-privileged, non-work product documents in its possession, custody, and control relevant to the claims and/or defenses asserted in this action to the extent any are located after a reasonable search and subject to the terms of the protective order in this matter.

REQUEST FOR PRODUCTION NO. 37:

All documents concerning pricing strategies, price evaluations, or considerations of what price to charge for any and all of Defendant's BELBUCA Products.

RESPONSE TO REQUEST NO. 37:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as vastly overbroad, unduly burdensome, and not proportional to the needs of this case in purporting to demand the production of "[a]ll documents concerning pricing strategies, price evaluations, or considerations of what price to charge for any and all of Defendant's BELBUCA Products." BioDelivery further objects to this Request to the extent that it seeks non-party documents and information not in BioDelivery's custody, possession, or control.

Subject to these objections and the foregoing General Objections, BioDelivery responds that it will produce responsive, non-privileged, non-work product documents in its possession, custody, and control relevant to the claims and/or defenses asserted in this action to the extent any are located after a reasonable search and subject to the terms of the protective order in this matter.

REQUEST FOR PRODUCTION NO. 38:

All documents referring to the potential or actual commercial demand for a pharmaceutical film containing buprenorphine as the sole active ingredient.

RESPONSE TO REQUEST NO. 38:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as vastly overbroad, unduly

32

burdensome, and not proportional to the needs of this case in purporting to demand the production of "[a]ll documents referring to the potential or actual commercial demand for a pharmaceutical film containing buprenorphine as the sole active ingredient." BioDelivery further objects to this Request to the extent that it seeks non-party documents and information not in BioDelivery's custody, possession, or control. BioDelivery further objects to this Request as vague and ambiguous, in particular in demanding the production of "the potential or actual commercial demand for a pharmaceutical film containing buprenorphine as the sole active ingredient."

Further, BioDelivery objects to this Request as duplicative of the information provided by BioDelivery pursuant to Local Patent Rules 303.3 and 303.4 in BioDelivery's Preliminary Invalidity Contentions, and all amendments thereto, which are incorporated herewith by reference. BioDelivery also objects to this Request as premature to the extent it purports to demand the production of expert discovery.

Subject to these objections and the foregoing General Objections, BioDelivery responds that it will produce responsive, non-privileged, non-work product documents in its possession, custody, and control relevant to the claims and/or defenses asserted in this action to the extent any are located after a reasonable search and subject to the terms of the protective order in this matter.

REQUEST FOR PRODUCTION NO. 39:

All documents and things concerning studies, valuations, evaluations, or reports conducted on behalf of, or at the direction of, Defendant by any other third party relating to any

and all of Defendant's BELBUCA Products, this litigation, the patent-in-suit, or any patent or patent application relating to formulations of buprenorphine.

RESPONSE TO REQUEST NO. 39:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as vastly overbroad, unduly burdensome, and not proportional to the needs of this case in purporting to demand the production of "[a]ll documents and things concerning studies, valuations, evaluations, or reports conducted on behalf of, or at the direction of, Defendant by any other third party relating to any and all of Defendant's BELBUCA Products..." BioDelivery further objects to this Request as seeking production of documents and things having no relevance to the claims and defenses in this matter, including in demanding production of documents and things "concerning studies, valuations, evaluations, or reports conducted on behalf of, or at the direction of, Defendant by any other third party …or… relating to formulations of buprenorphine" BioDelivery further objects to this Request to the extent that it seeks non-party documents and information not in BioDelivery's custody, possession, or control.

Further, BioDelivery objects to this Request as duplicative of the information provided by BioDelivery pursuant to Local Patent Rules 303.3 and 303.4 in BioDelivery's Preliminary Invalidity Contentions, and all amendments thereto, which are incorporated herewith by reference.

ME1 38539355v.1

Subject to these objections and the foregoing General Objections, BioDelivery responds that it will produce responsive, non-privileged, non-work product documents in its possession, custody, and control relevant to the claims and/or defenses asserted in this action to the extent any are located after a reasonable search and subject to the terms of the protective order in this matter.

REQUEST FOR PRODUCTION NO. 40:

All documents and things relating to any communications between Defendant and any physicians, patients, or any other person or entity concerning Defendant's BELBUCA Product or any other buprenorphine composition.

RESPONSE TO REQUEST NO. 40:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as vastly overbroad, unduly burdensome, and not proportional to the needs of this case in purporting to demand the production of "[a]ll documents and things relating to any communications between Defendant and any physicians, patients, or any other person or entity concerning Defendant's BELBUCA Product or any other buprenorphine composition." BioDelivery further objects to this Request to the extent that the Request requires a search and review of documents beyond that which is contemplated by the ESI Order agreed upon by the parties. BioDelivery further objects to this Request to the extent it requests production of documents that BioDelivery cannot disclose pursuant to confidentiality obligations to third parties after a reasonable effort to do so.

BioDelivery further objects to this Request as vague and ambiguous, in particular in demanding the production of "[a]ll documents and things relating to any communications between Defendant and any physicians, patients, or any other person or entity concerning … any other buprenorphine composition."

Subject to these objections and the foregoing General Objections, BioDelivery responds that it will produce responsive, non-privileged, non-work product documents in its possession, custody, and control relevant to the claims and/or defenses asserted in this action to the extent any are located after a reasonable search and subject to the terms of the protective order in this matter.

REQUEST FOR PRODUCTION NO. 41:

All organizational charts and other documents showing the past and present organizational and operational structure of Defendant since 2012, including all divisions, direct and indirect parents and subsidiaries, entities owned or controlled by Defendant, affiliates, predecessors, or successors in interest, and the identities of any officers, employees, and representatives, such as, without limitation, department officer/employee organizational charts.

RESPONSE TO REQUEST NO. 41:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case in purporting to demand the production of "[a]ll organizational charts and other documents showing the past and present organizational and

operational structure of Defendant since 2012, including all divisions, direct and indirect parents and subsidiaries..."

Subject to these objections and the foregoing General Objections, BioDelivery responds that it will produce responsive, non-privileged, non-work product documents in its possession, custody, and control to the extent any are located after a reasonable search and subject to the terms of the protective order in this matter.

## REQUEST FOR PRODUCTION NO. 42:

All documents and things relating to the communication by Defendant to any third party of any information generated, produced, or conveyed by Aquestive, including any confidential information regarding film technology.

## RESPONSE TO REQUEST NO. 42:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case in purporting to demand the production of "[a]ll documents and things relating to the communication by Defendant to any third party of any information generated, produced, or conveyed by Aquestive…" BioDelivery further objects to this Request to the extent that the Request requires a search and review of documents beyond that which is contemplated by the ESI Order agreed upon by the parties. BioDelivery further objects to this Request to the extent it requests production of documents that BioDelivery cannot disclose pursuant to confidentiality obligations to third parties after a reasonable effort to do so.

ME1 38539355v.1

BioDelivery further objects to this Request to the extent it requests production of documents that BioDelivery cannot disclose pursuant to confidentiality obligations to third parties after a reasonable effort to do so.

BioDelivery further objects to this Request as vague and ambiguous, at least in that it purports to require BioDelivery to form a conclusion concerning what constitutes "any information generated, produced, or conveyed by Aquestive."

Subject to these objections and the foregoing General Objections, BioDelivery responds that it is willing to meet and confer to narrow the scope of this request.

REQUEST FOR PRODUCTION NO. 43:

All documents and things relating to any communication with any current or former employee or consultant of Plaintiff.

RESPONSE TO REQUEST NO. 43:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case in purporting to demand the production of "[a]ll documents and things relating to any communication with any current or former employee or consultant of Plaintiff." Further, BioDelivery objections to the Request as vague and ambiguous at least to the extent it purports to require BioDelivery to identify all "current or former employee or consultant of Plaintiff" in order to respond. BioDelivery further objects to this

38

Request to the extent that the Request requires a search and review of documents beyond that which is contemplated by the ESI Order agreed upon by the parties. BioDelivery further objects to this Request as seeking production of documents and things having no relevance to the claims and defenses in this matter, including in demanding production of documents and things reflecting "any communication with any current or former employee or consultant of Plaintiff."

Subject to these objections and the foregoing General Objections, BioDelivery responds that it is willing to meet and confer to narrow the scope of this Request.

REQUEST FOR PRODUCTION NO. 44:

All documents and things that relate to correspondence and/or communications between Defendant and any person regarding any of the patents-in-suit or any other patent owned by or assigned to Aquestive.

RESPONSE TO REQUEST NO. 44:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case in purporting to demand the production of "[a]ll documents and things that relate to correspondence and/or communications between Defendant and any person regarding any of the patents-in-suit or any other patent owned by or assigned to Aquestive." BioDelivery further objects to this Request to the extent that the Request requires a search and review of documents beyond that which is contemplated by the ESI Order agreed upon by the parties. BioDelivery further objects to this Request as vague and ambiguous, in particular in demanding the production of "[a]ll documents and things that relate to

39

correspondence and/or communications between Defendant and any person regarding … any other patent owned by or assigned to Aquestive." BioDelivery also objects to this Interrogatory as nonsensical in seeking production of information regarding the "patents-in-suit" and will limit any response to the '167 patent.

Subject to these objections and the foregoing General Objections, BioDelivery responds that it will produce responsive, non-privileged, non-work product documents in its possession, custody, and control relevant to the claims and/or defenses asserted in this action to the extent any are located after a reasonable search and subject to the terms of the protective order in this matter.

REQUEST FOR PRODUCTION NO. 45:

All documents and things relating to communications between Defendant and any person regarding sublingual film technology described in patent or non-patent literature.

RESPONSE TO REQUEST NO. 45:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as vastly overbroad, unduly burdensome, and not proportional to the needs of this case in purporting to demand the production of "[a]ll documents and things relating to communications between Defendant and any person regarding sublingual film technology described in patent or non-patent literature." Further, BioDelivery objections to the Request as vague and ambiguous at least to the extent it purports to require BioDelivery to identify all "sublingual film technology described in patent or non-patent literature" in order to respond.  BioDelivery further objects to this Request as seeking

40

production of documents and things having no relevance to the claims and defenses in this matter, including in demanding production of documents and things reflecting "[a]ll documents and things relating to communications between Defendant and any person regarding sublingual film technology described in patent or non-patent literature." BioDelivery further objects to this Request to the extent that the Request requires a search and review of documents beyond that which is contemplated by the ESI Order agreed upon by the parties.

Further, BioDelivery objects to this Request as duplicative of the information provided by BioDelivery pursuant to Local Patent Rules 303.3 and 303.4 in BioDelivery's Preliminary Invalidity Contentions, and all amendments thereto, which are incorporated herewith by reference.

Subject to these objections and the foregoing General Objections, BioDelivery responds that it is willing to meet and confer to narrow the scope of this Request.

## REQUEST FOR PRODUCTION NO. 46:

All documents and things relating to communications between Defendant and any person regarding any drying process for buccal, sublingual, or any other oral pharmaceutical film technology described in patent or non-patent literature.

## RESPONSE TO REQUEST NO. 46:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as vastly overbroad, unduly burdensome, and not proportional to the needs of this case in purporting to demand the

production of "[a]ll documents and things relating to communications … regarding any drying process for buccal, sublingual, or any other oral pharmaceutical film technology described in patent or non-patent literature." Further, BioDelivery objections to the Request as vague and ambiguous at least to the extent it purports to require BioDelivery to identify all "process[es] for buccal, sublingual, or any other oral pharmaceutical film technology described in patent or non-patent literature" in order to respond.  BioDelivery further objects to this Request as seeking production of documents and things having no relevance to the claims and defenses in this matter, including in demanding production of documents and things reflecting "[a]ll documents and things relating to communications … regarding any drying process for buccal, sublingual, or any other oral pharmaceutical film technology described in patent or non-patent literature." BioDelivery further objects to this Request to the extent that the Request requires a search and review of documents beyond that which is contemplated by the ESI Order agreed upon by the parties.

Further, BioDelivery objects to this Request as duplicative of the information provided by BioDelivery pursuant to Local Patent Rules 303.3 and 303.4 in BioDelivery's Preliminary Invalidity Contentions, and all amendments thereto, which are incorporated herewith by reference. BioDelivery also objects to this Request as premature to the extent it purports to demand the production of expert discovery.

Subject to these objections and the foregoing General Objections, BioDelivery responds that it is willing to meet and confer to narrow the scope of this Request.

REQUEST FOR PRODUCTION NO. 47:

All documents and things relating to communications between Defendant and any person regarding any buccal, sublingual, or any other oral pharmaceutical film technology containing buprenorphine, in any dosage, including but not limited to Defendant's BELBUCA Products.

RESPONSE TO REQUEST NO. 47:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as vastly overbroad, unduly burdensome, and not proportional to the needs of this case in purporting to demand the production of "[a]ll documents and things relating to communications between Defendant and any person regarding any buccal, sublingual, or any other oral pharmaceutical film technology containing buprenorphine, in any dosage..." BioDelivery further objects to this Request to the extent that the Request requires a search and review of documents beyond that which is contemplated by the ESI Order agreed upon by the parties.

Subject to these objections and the foregoing General Objections, BioDelivery responds it is willing to meet and confer to narrow the scope of this Request.

REQUEST FOR PRODUCTION NO. 48:

All documents and things that relate to Defendant's consideration, decision, or effort to identify parties which could assist in the formulation and manufacture of Defendant's BELBUCA Products, including any work done to develop the formulation, the amounts and

43

proportions of all ingredients and materials used in the formulation, and all associated processing methods and manufacturing steps, including associated drying processes.

RESPONSE TO REQUEST NO. 48:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as vastly overbroad, unduly burdensome, and not proportional to the needs of this case in purporting to demand the production of "[a]ll documents and things that relate to Defendant's consideration, decision, or effort to identify parties which could assist in the formulation and manufacture of Defendant's BELBUCA Products…"

Subject to these objections and the foregoing General Objections, BioDelivery responds that it is willing to meet and confer to narrow the scope of this Request.

REQUEST FOR PRODUCTION NO. 49:

All documents, including agreements and/or communications between Defendant and any third party, related to the development, manufacture, testing, marketing, or sales of Defendant's BELBUCA Products.

RESPONSE TO REQUEST NO. 49:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as vastly overbroad, unduly

44

burdensome, and not proportional to the needs of this case in purporting to demand the production of "[a]ll documents … related to the development, manufacture, testing, marketing, or sales of Defendant's BELBUCA Products." BioDelivery further objects to this Request to the extent that the Request requires a search and review of documents beyond that which is contemplated by the ESI Order agreed upon by the parties. BioDelivery further objects to this Request as seeking production of documents and things having no relevance to the claims and defenses in this matter, including in demanding production of documents and things "related to the development, manufacture, testing, marketing, or sales of Defendant's BELBUCA Products." BioDelivery further objects to this Request to the extent that it seeks non-party documents and information not in BioDelivery's custody, possession, or control.

Subject to these objections and the foregoing General Objections, BioDelivery responds that it is willing to meet and confer to narrow the scope of this Request.

REQUEST FOR PRODUCTION NO. 50:

All documents relied upon by, considered by, or provided in connection with this litigation, for each expert who you expect to give testimony at trial, to the extent not precluded by Rule 26, Fed.R.Civ.P., as amended.

RESPONSE TO REQUEST NO. 50:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. BioDelivery also objects to this Request as premature to the extent it purports to demand the production of expert discovery.

Subject to these objections and the foregoing General Objections, BioDelivery responds that it will produce responsive, non-privileged, non-work product documents in its possession, custody, and control to the extent any are located after a reasonable search and subject to the terms of the protective order in this matter and consistent with Rule 26, Fed.R.Civ.P.

## REQUEST FOR PRODUCTION NO. 51:

All work papers and all documents created in connection with this litigation by each expert who you expect to give testimony at trial, including correspondence sent from or to Defendant or its counsel, to the extent not precluded by Rule 26, Fed.R.Civ.P., as amended.

## RESPONSE TO REQUEST NO. 51:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. BioDelivery also objects to this Request as premature to the extent it purports to demand the production of expert discovery.

Subject to these objections and the foregoing General Objections, BioDelivery responds that it will produce responsive, non-privileged, non-work product documents in its possession, custody, and control to the extent any are located after a reasonable search and subject to the terms of the protective order in this matter and consistent with Rule 26, Fed.R.Civ.P..

## REQUEST FOR PRODUCTION NO. 52:

For each expert preparing a report, declaration, or affidavit on behalf of Defendant, all

documents concerning the data or other information considered by the expert in forming his/her opinions.

RESPONSE TO REQUEST NO. 52:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. BioDelivery also objects to this Request as premature to the extent it purports to demand the production of expert discovery.

Subject to these objections and the foregoing General Objections, BioDelivery responds that it will produce responsive, non-privileged, non-work product documents in its possession, custody, and control to the extent any are located after a reasonable search and subject to the terms of the protective order in this matter and consistent with Rule 26, Fed.R.Civ.P..

REQUEST FOR PRODUCTION NO. 53:

All press releases, transcripts, or reports of Defendant's public statements concerning this litigation or any product, composition, or process alleged to infringe the patents-in-suit or any related patents.

RESPONSE TO REQUEST NO. 53:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity. Further, BioDelivery also objects to this Request as vastly overbroad, unduly burdensome, and not proportional to the needs of this case in purporting to demand the

47

production of "[a]ll press releases, transcripts, or reports of Defendant's public statements concerning … any product, composition, or process alleged to infringe the patents-in-suit or any related patents." BioDelivery also objects to this Interrogatory as nonsensical in seeking production of information regarding the "patents-in-suit" and will limit any response to the '167 patent. BioDelivery also objects to this Interrogatory as nonsensical in seeking production of information regarding "any product, composition, or process alleged to infringe … any related patents" at least because no such products, compositions, or process are known to BioDelivery. BioDelivery further objects to this Request as seeking production of documents and things having no relevance to the claims and defenses in this matter, including in demanding production of documents and things "press releases, transcripts, or reports of Defendant's public statements concerning this litigation or any product, composition, or process alleged to infringe the patents-in-suit or any related patents."

Subject to these objections and the foregoing General Objections, BioDelivery responds that it will produce responsive, non-privileged, non-work product documents in its possession, custody, and control relevant to the claims and/or defenses asserted in this action to the extent any are located after a reasonable search and subject to the terms of the protective order in this matter.

REQUEST FOR PRODUCTION NO. 54:

All documents and things identified in Defendant's responses to interrogatories served in this litigation.

ME1 38539355v.1

RESPONSE TO REQUEST NO. 54:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity.

Subject to these objections and the foregoing General Objections, BioDelivery responds that it will produce responsive, non-privileged, non-work product documents in its possession, custody, and control to the extent any are located after a reasonable search and subject to the terms of the protective order in this matter.

REQUEST FOR PRODUCTION NO. 55:

All documents and things that Defendant plans to use, rely upon, or intends to offer into evidence at any trial or hearing in this litigation.

RESPONSE TO REQUEST NO. 55:

BioDelivery objects to this Request in purporting to seek production of information that is protected from disclosure by the attorney-client privilege, joint defense or common interest doctrine, the attorney work product doctrine, and/or other applicable privilege, doctrine, or immunity.

Subject to these objections and the foregoing General Objections, BioDelivery responds that it will produce responsive, non-privileged, non-work product documents in its possession, custody, and control to the extent any are located after a reasonable search and subject to the terms of the protective order in this matter.

ME1 38539355v.1

Dated: December 3, 2021

OF COUNSEL:

/s/ Kia L. Freeman
Kia L. Freeman
Wyley S. Proctor
Thomas F. Foley
MCCARTER & ENGLISH LLP
265 Franklin Street
Boston, Massachusetts 02110
Telephone: (617) 449-6500
kfreeman@mccarter.com
wproctor@mccarter.com
tfoley@mccarter.com

*Attorneys for Defendant*
*BioDelivery Sciences International, Inc.*

/s/ Peter D. Siddoway
Lynne A. Borchers
NC State Bar No. 32386
Peter D. Siddoway
NC State Bar No. 45647
SAGE PATENT GROUP, PLLC
4120 Main at North Hills St., Suite 230
Raleigh, North Carolina 27609
Telephone: (984) 219-3358
Facsimile: (984) 538-0416
lborchers@sagepat.com
psiddoway@sagepat.com

*Local Civil Rule 83.1(d)*
*Counsel for Defendant*
*BioDelivery Sciences International, Inc.*

ME1 38539355v.1

## CERTIFICATE OF SERVICE

I, certify that on December 3, 2021, I served this document on Plaintiff Aquestive Therapeutics, Inc., by emailing this document to Aquestive's counsel of record at the following e-mail addresses:

James F. Hibey at jhibey@steptoe.com
Jamie Lucia at jlucia@steptoe.com
John L Abramic at jabramic@steptoe.com
Anna M. Targowska at atargowska@steptoe.com
Joseph A. Schouten at jas@wardandsmith.com
E. Bradley Evans at ebe@wardandsmith.com
SJAquestiveNC@Steptoe.com

/s/
Peter D. Siddoway
NC State Bar No. 45647
SAGE PATENT GROUP, PLLC
4120 Main at North Hills St., Suite 230
Raleigh, North Carolina 27609
Telephone: (984) 219-3358
Facsimile: (984) 538-0416
psiddoway@sagepat.com

CONFIDENTIAL AND ATTORNEY EYES ONLY