# EXHIBIT P

| | |
|---|---|
| **From:** | Freeman, Kia |
| **To:** | Gelwicks, Daniel; SJAquestiveNC; E. Bradley Evans; Joseph A. Schouten; Susan J. St. Clair |
| **Cc:** | Proctor, Wyley; Foley, Thomas F.; psiddoway@sagepat.com; lborchers@sagepat.com |
| **Subject:** | RE: Aquestive v BioDelivery (No. 19-cv-00505-D) // Indivior et al. v BioDelivery (No. 5:15-cv-350-D) |
| **Date:** | Wednesday, February 16, 2022 7:13:05 PM |
| **Attachments:** | image001.png |

Dan:

BioDelivery initially responded to Aquestive's First Set of Requests for Production (RFPs 1-12) on June 7, 2021, and to Aquestive's Second Set of RFPs (RFPs 13-55) on December 3, 2021. Similarly, BioDelivery initially responded to Plaintiffs' First Set of RFPs (RFPs 1-12) on July 1, 20201, and to Plaintiffs' Second Set of RFPs (RFPs 13-35) on December 3, 2021. BioDelivery continues to work on production responsive to Plaintiffs' extensive RFPs in the two cases. As Plaintiffs are aware, BioDelivery has now produced over a million documents in the two subject litigations.

The local rules require the parties to meet and confer, and BioDelivery invited Plaintiffs to meet and confer on the scope of Plaintiffs' requested production in each of its initial responses. Plaintiffs did not even acknowledge those invitations until February 2, 2022. Then, Plaintiffs asserted: "Plaintiffs do not believe that a meet and confer would be productive until [BioDelivery] complies with the Federal Rules of Civil Procedure by either producing responsive records or providing a reasonable explanation that Plaintiffs could then consider for any objections to the RFPs." BioDelivery has complied with the Federal Rules and will continue to comply with those Rules. Plaintiffs' unilateral rejection of BioDelivery's request to meet and confer violates the local rules.

BioDelivery believes that its document production clearly satisfies the local patent rules. Each of the claims charted in Plaintiffs' preliminary infringement contentions is directed to "film for delivery of a desired amount of an active component." The preliminary infringement contentions indicated that Plaintiffs might dispute whether "delivery of a desired amount of an active component" is required by the charted claims. Nonetheless, the preliminary infringement contentions cited BioDelivery documents in Plaintiffs' possession and asserted that those documents "set forth how [the accused film] delivers a desired amount of an active component." BioDelivery understood that Plaintiffs had thereby admitted possession of "documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its Local Civil Rule 303.1(c) chart," as required by Local Patent rule 303.4. Moreover, in its preliminary invalidity contentions, BioDelivery explained that it "previously produced documents responsive to L. Pat. R. 303.4(a)." BioDelivery rejects the notion that it was somehow obligated to produce its recent production sooner.

BioDelivery disagrees that its objections to Plaintiffs' 110 RFPs are somehow inadequate. In BioDelivery's view, its objections are at least as specific, if not much more specific, than Plaintiffs' analogous objections.

Your letter makes the outrageous statement that "Plaintiffs do not believe that [BioDelivery] has fully complied with a single request to date." BioDelivery has produced more than a million documents. Plaintiffs' claim that the production of over a million documents is insufficient to complete the production of even one RFP is evidence that Plaintiffs' RFPs are overly broad and unduly burdensome, and that the parties should meet and confer on the scope of Plaintiffs' requested discovery.

Fact discovery is ongoing in the subject cases. And as Plaintiffs know, BioDelivery is actively working on its response to Plaintiffs' various discovery requests in the two cases. For example, BioDelivery recently updated its responses to Plaintiffs' interrogatories and also recently produced another round of documents. We are in the process of reviewing BioDelivery's production with respect to the deficiencies alleged in your February 2d letter, and will provide an update as soon as possible.

Regards,
Kia



**Kia Freeman | Partner**
McCarter & English, LLP
265 Franklin Street | Boston, MA 02110

kfreeman@mccarter.com | www.mccarter.com | V-Card
T 617.449.6549   M 617.549.7167

Boston | Hartford | Stamford | New York | Newark | East Brunswick | Philadelphia | Wilmington | Washington, DC | Miami

---

**From:** Gelwicks, Daniel <dgelwicks@Steptoe.com>
**Sent:** Wednesday, February 2, 2022 3:01 PM
**To:** Freeman, Kia <KFreeman@McCarter.com>; Proctor, Wyley <wproctor@McCarter.com>; Foley, Thomas F. <tfoley@McCarter.com>; psiddoway@sagepat.com; lborchers@sagepat.com
**Cc:** SJAquestiveNC <SJAquestiveNC@Steptoe.com>; E. Bradley Evans <EBE@wardandsmith.com>; Joseph A. Schouten <JAS@wardandsmith.com>; Susan J. St. Clair <SJS@wardandsmith.com>
**Subject:** Aquestive v BioDelivery (No. 19-cv-00505-D) // Indivior et al. v BioDelivery (No. 5:15-cv-350-D)

**\*\*External Message\*\***

Counsel,

Please see the attached correspondence.

Best,
Dan

**Daniel Gelwicks**
Associate
dgelwicks@Steptoe.com
+1 312 577 1291 direct | +1 630 235 3459 mobile | +1 312 577 1370 fax

**Steptoe**
Steptoe & Johnson LLP
227 West Monroe Street | Suite 4700 | Chicago, IL 60606
www.steptoe.com

This message and any attached documents contain information from the law firm Steptoe & Johnson LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**We are committed to helping you navigate the COVID-19 crisis. Please visit our Coronavirus Resource Center for important updates providing business guidance throughout this pandemic. For immediate questions, please email your McCarter contact or our COVID-19 Taskforce.**

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.