# EXHIBIT Q

| | |
|---|---|
| **From:** | Gelwicks, Daniel |
| **To:** | Freeman, Kia; SJAquestiveNC; E. Bradley Evans; Joseph A. Schouten; Susan J. St. Clair |
| **Cc:** | Proctor, Wyley; Foley, Thomas F.; psiddoway@sagepat.com; lborchers@sagepat.com |
| **Subject:** | RE: Aquestive v BioDelivery (No. 19-cv-00505-D) // Indivior et al. v BioDelivery (No. 5:15-cv-350-D) |
| **Date:** | Saturday, February 19, 2022 11:47:15 AM |
| **Attachments:** | image001.png |

Counsel,

BDSI's response to our letter, which includes a number of incorrect and unsupported statements, indicates that BDSI either is not taking its discovery obligations seriously or is engaging in delay tactics that are wholly unacceptable.

First, BDSI's claim that it has produced over one million pages of documents is irrelevant to Plaintiffs' serious concerns about the overall status of BDSI's discovery. Of the approximately fifteen thousand documents in total that have been produced over both cases, those productions are limited to (1) NDA documents maintained within a single source folder in each case, (2) alleged prior art references, and (3) batch records. However, as we have explained to you, BDSI's production of these documents does not eliminate the obligation to comply, properly and in full, with Plaintiffs' document requests.

Second, BDSI's statement that "BioDelivery understood that Plaintiffs had thereby admitted possession of 'documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its Local Civil Rule 303.1(c) chart,' as required by Local Patent rule 303.4" evidences, at best, a fundamental misunderstanding of the local patent rules, or, at worst, a flagrant violation of those rules.

Third, BDSI cites no support for its apparent claim that BDSI does not have an obligation to engage in discovery or produce responsive documents until the parties have met and conferred regarding the propounded discovery. This is likely because there is no support for such a claim.

Notwithstanding these significant issues, Plaintiffs request a meet and confer to discuss both the various deficiencies in BDSI's responses to Plaintiffs' Requests for Production and BDSI's related production of relevant records to date. We are available on Tuesday, February 22 between 12 p.m. and 3 p.m. Eastern or Wednesday, February 23 between 1 p.m. and 5 p.m. Eastern. Please let us know what day/time works for you, and we will circulate a dial-in.

In order to facilitate a productive conference, Plaintiffs expect BDSI to be prepared to address the following:
- BDSI's failure to produce:
    - agreements, contracts or documents relating to interactions with third parties (*see, e.g.*, RFPs 15, 48, 49);
    - internal documents regarding the development of, and decision to develop, the BELBUCA and BUNAVAIL products (*see, e.g.*, RFPs 7, 10, 11, 13, 14, 15, 33, 48, 49);
    - internal BDSI documents regarding the manufacturing and quality control of the BELBUCA and BUNAVAIL products (*see, e.g.*, RFPs 5, 6, 7, 8, 9, 10, 11, 13, 14, 16, 17, 18, 46, 48, 49);
    - documents regarding the commercial market for the BELBUCA and BUNAVAIL products (*see, e.g.*, RFPs 33, 34, 37, 38, 39, 40);
    - organizational charts or other BDSI operational documents (*see, e.g.*, RFP 41);
    - documents related to the NDAs that are not maintained in the source folders previously identified, including documents related to the decisions to file the NDAs (*see, e.g.*, RFPs 1, 2, 3, 8, 34, 35, 36); and
    - documents supporting BDSI's non-infringement and invalidity contentions that have not yet been produced (*see, e.g.*, RFPs 12, 21-32, 35, 36, 39, 44).
- For each of the above identified categories of documents, an explanation of the documents, if any, that

> BDSI is prepared to produce and an identification of responsive materials that BDSI is withholding on the basis of its objections.
- A date certain for substantial completion of production of responsive documents.
- The status of BDSI's ESI productions, including:
    - the number of hits for BDSI's ESI custodians pursuant to the revised set of search terms provided in Plaintiffs' February 10 email, to which BDSI has not responded; and
    - BDSI's failure to respond to Plaintiffs' request for a date certain on which Plaintiffs can expect to receive BDSI's responsive ESI productions.

Regards,
Dan

**Daniel Gelwicks**
Associate
dgelwicks@Steptoe.com
+1 312 577 1291 direct | +1 630 235 3459 mobile | +1 312 577 1370 fax

**Steptoe**
Steptoe & Johnson LLP
227 West Monroe Street | Suite 4700 | Chicago, IL 60606
www.steptoe.com

This message and any attached documents contain information from the law firm Steptoe & Johnson LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Freeman, Kia <KFreeman@McCarter.com>
**Sent:** Wednesday, February 16, 2022 7:12 PM
**To:** Gelwicks, Daniel <dgelwicks@Steptoe.com>; SJAquestiveNC <SJAquestiveNC@Steptoe.com>; E. Bradley Evans <EBE@wardandsmith.com>; Joseph A. Schouten <JAS@wardandsmith.com>; Susan J. St. Clair <SJS@wardandsmith.com>
**Cc:** Proctor, Wyley <wproctor@McCarter.com>; Foley, Thomas F. <tfoley@McCarter.com>; psiddoway@sagepat.com; lborchers@sagepat.com
**Subject:** RE: Aquestive v BioDelivery (No. 19-cv-00505-D) // Indivior et al. v BioDelivery (No. 5:15-cv-350-D)

Dan:

BioDelivery initially responded to Aquestive's First Set of Requests for Production (RFPs 1-12) on June 7, 2021, and to Aquestive's Second Set of RFPs (RFPs 13-55) on December 3, 2021. Similarly, BioDelivery initially responded to Plaintiffs' First Set of RFPs (RFPs 1-12) on July 1, 20201, and to Plaintiffs' Second Set of RFPs (RFPs 13-35) on December 3, 2021. BioDelivery continues to work on production responsive to Plaintiffs' extensive RFPs in the two cases. As Plaintiffs are aware, BioDelivery has now produced over a million documents in the two subject litigations.

The local rules require the parties to meet and confer, and BioDelivery invited Plaintiffs to meet and confer on the scope of Plaintiffs' requested production in each of its initial responses. Plaintiffs did not even acknowledge those invitations until February 2, 2022. Then, Plaintiffs asserted: "Plaintiffs do not believe that a meet and confer would be productive until [BioDelivery] complies with the Federal Rules of Civil Procedure by either producing responsive records or providing a reasonable explanation that Plaintiffs could then consider for any objections to the RFPs." BioDelivery has complied with the Federal Rules and will continue to comply with those Rules. Plaintiffs' unilateral rejection of BioDelivery's request to meet and confer violates the local rules.

BioDelivery believes that its document production clearly satisfies the local patent rules. Each of the claims

charted in Plaintiffs' preliminary infringement contentions is directed to "film for delivery of a desired amount of an active component."  The preliminary infringement contentions indicated that Plaintiffs might dispute whether "delivery of a desired amount of an active component" is required by the charted claims.  Nonetheless, the preliminary infringement contentions cited BioDelivery documents in Plaintiffs' possession and asserted that those documents "set forth how [the accused film] delivers a desired amount of an active component."  BioDelivery understood that Plaintiffs had thereby admitted possession of "documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its Local Civil Rule 303.1(c) chart," as required by Local Patent rule 303.4.  Moreover, in its preliminary invalidity contentions, BioDelivery explained that it "previously produced documents responsive to L. Pat. R. 303.4(a)."  BioDelivery rejects the notion that it was somehow obligated to produce its recent production sooner.

BioDelivery disagrees that its objections to Plaintiffs' 110 RFPs are somehow inadequate.  In BioDelivery's view, its objections are at least as specific, if not much more specific, than Plaintiffs' analogous objections.

Your letter makes the outrageous statement that "Plaintiffs do not believe that [BioDelivery] has fully complied with a single request to date."  BioDelivery has produced more than a million documents.  Plaintiffs' claim that the production of over a million documents is insufficient to complete the production of even one RFP is evidence that Plaintiffs' RFPs are overly broad and unduly burdensome, and that the parties should meet and confer on the scope of Plaintiffs' requested discovery.

Fact discovery is ongoing in the subject cases.  And as Plaintiffs know, BioDelivery is actively working on its response to Plaintiffs' various discovery requests in the two cases.  For example, BioDelivery recently updated its responses to Plaintiffs' interrogatories and also recently produced another round of documents.  We are in the process of reviewing BioDelivery's production with respect to the deficiencies alleged in your February 2d letter, and will provide an update as soon as possible.

Regards,
Kia



**Kia Freeman | Partner**
McCarter & English, LLP
265 Franklin Street | Boston, MA 02110

kfreeman@mccarter.com | www.mccarter.com | V-Card
T 617.449.6549    M 617.549.7167

Boston | Hartford | Stamford | New York | Newark | East Brunswick | Philadelphia | Wilmington | Washington, DC | Miami

---

**From:** Gelwicks, Daniel <dgelwicks@Steptoe.com>
**Sent:** Wednesday, February 2, 2022 3:01 PM
**To:** Freeman, Kia <KFreeman@McCarter.com>; Proctor, Wyley <wproctor@McCarter.com>; Foley, Thomas F. <tfoley@McCarter.com>; psiddoway@sagepat.com; lborchers@sagepat.com
**Cc:** SJAquestiveNC <SJAquestiveNC@Steptoe.com>; E. Bradley Evans <EBE@wardandsmith.com>; Joseph A. Schouten <JAS@wardandsmith.com>; Susan J. St. Clair <SJS@wardandsmith.com>
**Subject:** Aquestive v BioDelivery (No. 19-cv-00505-D) // Indivior et al. v BioDelivery (No. 5:15-cv-350-D)

**\*\*External Message\*\***

Counsel,

Please see the attached correspondence.

Best,
Dan

**Daniel Gelwicks**
Associate
dgelwicks@Steptoe.com
+1 312 577 1291 direct | +1 630 235 3459 mobile | +1 312 577 1370 fax

Steptoe
Steptoe & Johnson LLP
227 West Monroe Street | Suite 4700 | Chicago, IL 60606
www.steptoe.com

This message and any attached documents contain information from the law firm Steptoe & Johnson LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**We are committed to helping you navigate the COVID-19 crisis. Please visit our Coronavirus Resource Center for important updates providing business guidance throughout this pandemic. For immediate questions, please email your McCarter contact or our COVID-19 Taskforce.**

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.