# EXHIBIT T

| From: | Lucia, Jamie |
|---|---|
| To: | Proctor, Wyley |
| Cc: | Shyavitz, Lori J.; Freeman, Kia; Foley, Thomas F.; E. Bradley Evans; Joseph A. Schouten; SJAquestiveNC |
| Subject: | Re: Subpoenas in Indivior, Inc., et al. v. Biodelivery Sciences International, Inc. (5:15-cv-350) & Aquestive Therapeutics, Inc. v. Biodelivery Sciences International, Inc. (5:19-cv-505) |
| Date: | Tuesday, March 8, 2022 10:10:05 AM |
| Attachments: | image001.png<br>image001.png<br>image001.png<br>image001.png<br>image001.png |

Wyley,

Thank you for your message. Plaintiffs confirm their agreement to withdraw the subpoenas based on the stipulations as revised in your email and on the understanding that ARx will withdraw the motion to quash before the March 10 deadline for responding.

Regards,
Jamie

_____

On Mar 8, 2022, at 7:22 AM, Proctor, Wyley <wproctor@mccarter.com> wrote:

Hi Jamie,

Thank you for working through various issues with us on Friday. We have edited your proposed stipulations a little, to better capture the spirit of those discussions.

ARx is willing to withdraw its motion to quash the subpoenas based on its understanding that the plaintiffs are withdrawing the subpoenas based on the following stipulations:

- By withdrawing the subpoenas dated January 11, 2022, plaintiffs are NOT waiving their right to serve subpoenas for documents, deposition testimony, and/or inspection on ARx at a later date.
- In the event plaintiffs issue new subpoenas to ARx, ARx will not argue that plaintiffs have waived their ability to obtain discovery from ARx as a result of the withdrawal of the January 11, 2022, subpoenas.
- In the event plaintiffs issue new subpoenas to ARx, ARx will comply with Rule 45, and counsel for plaintiffs will work in good faith with ARx's counsel to identify mutually-agreeable deadlines for compliance.
- ARx does not waive its right to move to quash any subpoenas that are later served by plaintiffs or any other protection offered by Rule 45.
- Plaintiffs do not waive their right to move to enforce any subpoenas that are later served by plaintiffs on ARx.
- Counsel for each of the parties in the litigations pending in the Eastern District of North Carolina agree to work together in good faith to proceed promptly with discovery. To that end, counsel for plaintiffs and counsel for BDSI agree to conduct a further meet and confer regarding the status of document production on Thursday, March 10, 2022.
- Counsel for each of the parties in the litigations pending in the Eastern District of North Carolina agree to work together in good faith to minimize the burden on ARx to the extent that any discovery may be necessary from ARx.
- In the event plaintiffs issue new subpoenas to ARx, plaintiffs will not argue that ARx has waived any protection offered by Rule 45 with respect to the withdrawal of the motion to quash the January 11, 2022, subpoenas.

Please confirm that plaintiffs agree to withdraw the subpoenas based on the foregoing stipulations.

Regards,
Wyley

**From:** Lucia, Jamie <jlucia@Steptoe.com>
**Sent:** Monday, March 7, 2022 6:30 PM
**To:** Proctor, Wyley <wproctor@McCarter.com>; Shyavitz, Lori J. <LShyavitz@McCarter.com>
**Cc:** Freeman, Kia <KFreeman@McCarter.com>; Foley, Thomas F. <tfoley@McCarter.com>; E. Bradley Evans <EBE@wardandsmith.com>; Joseph A. Schouten <JAS@wardandsmith.com>; SJAquestiveNC <SJAquestiveNC@Steptoe.com>
**Subject:** Re: Subpoenas in Indivior, Inc., et al. v. Biodelivery Sciences International, Inc. (5:15-cv-350) & Aquestive Therapeutics, Inc. v. Biodelivery Sciences International, Inc. (5:19-cv-505)

**\*\*External Message\*\***

Wyley, Lori,

Following up on the below. Please confirm that we can proceed with the agreement outlined below.

Regards,
Jamie

_____

> On Mar 4, 2022, at 3:24 PM, Lucia, Jamie <jlucia@steptoe.com> wrote:
>
> Wyley, Lori,
>
> Thank you both for your time this morning. After conferring internally, plaintiffs will agree to the proposal discussed today on the phone, whereby (1) ARx will withdraw its motion to quash in the Middle District of Pennsylvania and (2) plaintiffs will withdraw the existing subpoenas to ARx. This agreement, however, is subject to written confirmation of the following stipulations:
>
> - By withdrawing the subpoenas dated January 11, 2022, plaintiffs are NOT waiving their right to serve subpoenas for documents, deposition testimony, and/or inspection on ARx at a later date.
> - In the event plaintiffs issue new subpoenas to ARx, ARx will not argue that plaintiffs have waived their ability to obtain discovery from ARx as a result of the withdrawal of the January 11, 2022, subpoenas.
> - In the event plaintiffs issue new subpoenas to ARx, ARx will respond promptly, and counsel for plaintiffs will work in good faith with ARx's counsel to identify mutually-agreeable deadlines for compliance.
> - ARx does not waive its right to move to quash any subpoenas that are later served by plaintiffs, and plaintiffs do not waive their right to move to enforce any subpoenas that are later served by plaintiffs on ARx.
> - Counsel for both ARx and BDSI agree to work with plaintiffs' counsel in good faith to proceed promptly with discovery in the litigations pending in the Eastern District of North Carolina and to assist all parties in identifying discovery that may be necessary from ARx, whether in the form of documents, deposition testimony, inspection, and/or any combination of the three. To that end, counsel for plaintiffs and counsel for BDSI agree to conduct a further meet and confer regarding the status of BDSI's document production on Thursday, March 10, 2022.
>
> Please confirm ARx's agreement to the above. Thank you again for your time working through these issues.
>
> Regards,
> Jamie
>
> **Jamie L Lucia**

Partner
Pronouns: she/her/hers
jlucia@Steptoe.com
+1 415 365 6711 direct | +1 415 365 6700 fax

## Steptoe

Steptoe & Johnson LLP
One Market Plaza | Spear Tower, Suite 3900
San Francisco, California 94105
www.steptoe.com

This message and any attached documents contain information from the law firm Steptoe & Johnson LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Proctor, Wyley <wproctor@McCarter.com>
**Sent:** Thursday, March 3, 2022 10:57 AM
**To:** Lucia, Jamie <jlucia@Steptoe.com>; Shyavitz, Lori J. <LShyavitz@McCarter.com>
**Cc:** Freeman, Kia <KFreeman@McCarter.com>; Foley, Thomas F. <tfoley@McCarter.com>; Proctor, Wyley <wproctor@McCarter.com>
**Subject:** RE: Subpoenas in Indivior, Inc., et al. v. Biodelivery Sciences International, Inc. (5:15-cv-350) & Aquestive Therapeutics, Inc. v. Biodelivery Sciences International, Inc. (5:19-cv-505)

Hi Jamie,

Thanks for your email. We note that members of our team were omitted from your email; please ensure that Kia Freeman and Tom Foley are copied on correspondence regarding these matters going forward.

Lori and I are available to speak with you regarding the ARx subpoena tomorrow at 11 am eastern. We will need to include counsel for Indivior on the call as well. Please confirm that the time works for you (or propose an alternative time) and confirm that counsel for Indivior will be on the call.

We look forward to speaking with you tomorrow.

Best,
Wyley

---

**From:** Lucia, Jamie <jlucia@Steptoe.com>
**Sent:** Thursday, March 3, 2022 12:38 PM
**To:** Shyavitz, Lori J. <LShyavitz@McCarter.com>
**Cc:** Proctor, Wyley <wproctor@McCarter.com>
**Subject:** RE: Subpoenas in Indivior, Inc., et al. v. Biodelivery Sciences International, Inc. (5:15-cv-350) & Aquestive Therapeutics, Inc. v. Biodelivery Sciences International, Inc. (5:19-cv-505)

**External Message**

---

Lori,

Thank you for your message. As you may know, I had a meet and confer with Wyley (copied here) on Tuesday of this week to discuss BDSI's productions in the underlying actions. She and I are planning to speak today or tomorrow, depending on her schedule and the timing of her review of the ARx exchanges. Depending on the outcome of that conversation, and depending on the timing of our receipt of documents from BDSI, then we would expect the subpoenas to ARx to be narrowed, and possibly significantly. Also, my letter of Friday already committed to not seeking discovery from ARx that we can otherwise obtain from BDSI, without waiver of our ability to seek discovery from ARx if

BDSI does not produce the information.  Accordingly, I believe that issue requested in your email below has already been resolved.

In light of the above, and assuming that the parties are able to continue to have the kind of open dialogue that we had on Tuesday, proceeding on ARX's motion to quash at this stage appears to be premature.  Accordingly, we request that ARx withdraw the motion to quash, without prejudice to re-filing at a later date, if necessary, based on progress of the underlying discovery between plaintiffs and BDSI.  If ARx is not willing to do so, we would at least request that ARx agree to a joint submission to the Court that extends the briefing schedule for 45 days to permit the parties to continue their ongoing discovery efforts in the underlying litigation.  I am happy to discuss this with Wyley on our call today or tomorrow, or with the three of us if that is preferable.  Given next week's deadline, we do request resolution of this question by the end of the day tomorrow so that the appropriate papers can be prepared.

Regards,
Jamie

**Jamie L Lucia**
Partner
Pronouns: she/her/hers
jlucia@Steptoe.com
+1 415 365 6711 direct | +1 415 365 6700 fax

## Steptoe

Steptoe & Johnson LLP
One Market Plaza | Spear Tower, Suite 3900
San Francisco, California 94105
www.steptoe.com

This message and any attached documents contain information from the law firm Steptoe & Johnson LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** Shyavitz, Lori J. <LShyavitz@McCarter.com>
**Sent:** Wednesday, March 2, 2022 5:11 PM
**To:** Lucia, Jamie <jlucia@Steptoe.com>; 'EBE@wardandsmith.com' <EBE@wardandsmith.com>; 'JAS@wardandsmith.com' <JAS@wardandsmith.com>; Targowska, Anna <atargowska@Steptoe.com>; Gelwicks, Daniel <dgelwicks@Steptoe.com>; Hibey, James <jhibey@steptoe.com>; SJAquestiveNC <SJAquestiveNC@Steptoe.com>; Abramic, John <jabramic@Steptoe.com>
**Cc:** Freeman, Kia <KFreeman@McCarter.com>; Turner, Ashley <aturner@McCarter.com>; Proctor, Wyley <wproctor@McCarter.com>; Foley, Thomas F. <tfoley@McCarter.com>; Sterlin, Ian <isterlin@mccarter.com>; 'Peter Siddoway' <psiddoway@sagepat.com>; 'lborchers@sagepat.com' <lborchers@sagepat.com>
**Subject:** RE: Subpoenas in Indivior, Inc., et al. v. Biodelivery Sciences International, Inc. (5:15-cv-350) & Aquestive Therapeutics, Inc. v. Biodelivery Sciences International, Inc. (5:19-cv-505)

Jamie:

As you are aware, ARx filed a motion to quash the four subpoenas served by Plaintiff Aquestive, both alone and with Plaintiff Indivior, on January 12th.  We understand that Plaintiffs will oppose that motion, and are willing to let the court decide the dispute.

Nevertheless, ARx continues to invite Plaintiffs to narrow the subpoenas.  If Plaintiffs submit a proposal to narrow their subpoenas, which proposal begins by giving up any request for ARx to provide discovery available from the parties in the underlying litigation, ARx will consider whether such proposal would change the scope of the discovery sought significantly enough for ARx to

withdraw or narrow the motion to quash.

Regards,
Lori




**Lori Shyavitz | Partner**
McCarter & English, LLP
265 Franklin Street | Boston, MA 02110

lshyavitz@mccarter.com | www.mccarter.com | V-Card
T 617.449.6561    M 973.803.7404

Boston | Hartford | Stamford | New York | Newark | East Brunswick | Philadelphia | Wilmington | Washington, DC | Miami

---

**From:** Lucia, Jamie <jlucia@Steptoe.com>
**Sent:** Friday, February 25, 2022 5:27 PM
**To:** Shyavitz, Lori J. <LShyavitz@McCarter.com>; 'EBE@wardandsmith.com' <EBE@wardandsmith.com>; 'JAS@wardandsmith.com' <JAS@wardandsmith.com>; Targowska, Anna <atargowska@Steptoe.com>; Gelwicks, Daniel <dgelwicks@Steptoe.com>; Hibey, James <jhibey@steptoe.com>; SJAquestiveNC <SJAquestiveNC@Steptoe.com>; Abramic, John <jabramic@Steptoe.com>
**Cc:** Freeman, Kia <KFreeman@McCarter.com>; Turner, Ashley <aturner@McCarter.com>; Proctor, Wyley <wproctor@McCarter.com>; Foley, Thomas F. <tfoley@McCarter.com>; Sterlin, Ian <isterlin@mccarter.com>; 'Peter Siddoway' <psiddoway@sagepat.com>; 'lborchers@sagepat.com' <lborchers@sagepat.com>
**Subject:** RE: Subpoenas in Indivior, Inc., et al. v. Biodelivery Sciences International, Inc. (5:15-cv-350) & Aquestive Therapeutics, Inc. v. Biodelivery Sciences International, Inc. (5:19-cv-505)

**\*\*External Message\*\***

Counsel,

Please see the attached correspondence.

Regards,
Jamie

**Jamie L Lucia**
Partner
Pronouns: she/her/hers
jlucia@Steptoe.com
+1 415 365 6711 direct | +1 415 365 6700 fax

# Steptoe

Steptoe & Johnson LLP
One Market Plaza | Spear Tower, Suite 3900
San Francisco, California 94105
www.steptoe.com

This message and any attached documents contain information from the law firm Steptoe & Johnson LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** Shyavitz, Lori J. <LShyavitz@McCarter.com>
**Sent:** Monday, February 21, 2022 8:20 PM
**To:** Lucia, Jamie <jlucia@Steptoe.com>; 'EBE@wardandsmith.com' <EBE@wardandsmith.com>; 'JAS@wardandsmith.com' <JAS@wardandsmith.com>; Targowska, Anna <atargowska@Steptoe.com>; Gelwicks, Daniel <dgelwicks@Steptoe.com>; Hibey, James <jhibey@steptoe.com>; SJAquestiveNC <SJAquestiveNC@Steptoe.com>; Abramic, John <jabramic@Steptoe.com>
**Cc:** Freeman, Kia <KFreeman@McCarter.com>; Turner, Ashley <aturner@McCarter.com>; Proctor, Wyley <wproctor@McCarter.com>; Foley, Thomas F. <tfoley@McCarter.com>; Sterlin, Ian <isterlin@mccarter.com>; 'Peter Siddoway' <psiddoway@sagepat.com>; 'lborchers@sagepat.com' <lborchers@sagepat.com>
**Subject:** RE: Subpoenas in Indivior, Inc., et al. v. Biodelivery Sciences International, Inc. (5:15-cv-350) & Aquestive Therapeutics, Inc. v. Biodelivery Sciences International, Inc. (5:19-cv-505)

Jamie:

We disagree with your characterization of our interactions related to the subpoenas below.

As you know, ARx provided its objections to all of Plaintiffs' four subpoenas together. In response, Plaintiffs proposed a date and time to "meet and confer to discuss the ARx subpoenas." Nothing in Plaintiffs' proposal suggested that the conference would be limited to "the document subpoena," as you suggest for the first time below. To the contrary, consistent with Plaintiffs' proposal, ARx understood the teleconference was to discuss all of "the ARx subpoenas." In subsequent communications, Plaintiffs referenced our discussion "regarding the subpoenas to third party ARx." Before today, Plaintiffs never suggested that the conference was somehow limited to a particular ARx subpoena. If Plaintiffs had previously suggested that they were trying to limit the scope of the conference to one particular subpoena, ARx would have addressed that issue at the time. To be clear, ARx rejects your suggestion below that Plaintiffs can refuse to confer on some of their subpoenas unless and until they are satisfied with ARx's response to other subpoenas. Indeed, ARx is not even clear on how Plaintiffs' new staged conferences idea could theoretically work because, whereas each of Plaintiffs' subpoenas that includes requests for document production also include a request for inspection of ARx's premises, Plaintiffs' other subpoenas seek ARx testimony after ARx's document production but before an inspection of ARx's premises.

In its objections, ARx alerted Plaintiffs that their subpoenas raise a plethora of confidentiality issues. For example, the subpoenas expressly call for documents that ARx prepared for Defendant BioDelivery. Plaintiffs presume below that ARx should have no qualms about discussing the documents in its possession. But even if ARx wanted to discuss its own confidential information with Plaintiffs, which it chooses not to do outside of the scope of an appropriate protective order, ARx may be obligated to protect the confidentiality of information for another entity. For its own business success, ARx must carefully avoid any inadvertent disclosure of confidential information.

Plaintiffs are clearly fishing for information from ARx. But fishing is not a valid purpose for a subpoena. As we explained in the conference on Plaintiffs' subpoenas, a more appropriate starting point for any discussion is the scope of Plaintiffs' discovery requests. But as you know, in the teleconference, Plaintiffs refused to discuss or explain the scope of even a single discovery request—stating that the requests were in English. Plaintiffs have since asserted that the next step is to involve the court.

ARx objected to Plaintiffs' subpoenas as unduly burdensome. ARx has repeatedly explained, for example, that Plaintiffs' and Aquestive's RFPs No. 3 alone might call for all of the documents that ARx ever created or possessed regarding either of Defendant BioDelivery's two NDAs and/or either of BioDelivery's two accused products. Plaintiffs have still not responded to ARx's proposals as to how Plaintiffs can reduce the burden and expense that the subpoenas impose on ARx. Nor have Plaintiffs suggested any way forward other than for ARx to comply with its unduly burdensome subpoenas. If Plaintiffs have any suggestion on a path forward other than ARx's unilateral disclosure of information to a competitor, ARx welcomes it. But ARx has not seen, and does not see, any such proposal from

Plaintiffs.

Regards,
Lori



**Lori Shyavitz | Partner**
McCarter & English, LLP
265 Franklin Street | Boston, MA 02110

lshyavitz@mccarter.com | www.mccarter.com | V-Card
T 617.449.6561   M 973.803.7404

Boston | Hartford | Stamford | New York | Newark | East Brunswick | Philadelphia | Wilmington | Washington, DC | Miami

---

**From:** Lucia, Jamie <jlucia@Steptoe.com>
**Sent:** Monday, February 21, 2022 1:36 PM
**To:** Shyavitz, Lori J. <LShyavitz@McCarter.com>; 'EBE@wardandsmith.com' <EBE@wardandsmith.com>; 'JAS@wardandsmith.com' <JAS@wardandsmith.com>; Targowska, Anna <atargowska@Steptoe.com>; Gelwicks, Daniel <dgelwicks@Steptoe.com>; Hibey, James <jhibey@steptoe.com>; SJAquestiveNC <SJAquestiveNC@Steptoe.com>; Abramic, John <jabramic@Steptoe.com>
**Cc:** Freeman, Kia <KFreeman@McCarter.com>; Turner, Ashley <aturner@McCarter.com>; Proctor, Wyley <wproctor@McCarter.com>; Foley, Thomas F. <tfoley@McCarter.com>; Sterlin, Ian <isterlin@mccarter.com>; 'Peter Siddoway' <psiddoway@sagepat.com>; 'lborchers@sagepat.com' <lborchers@sagepat.com>
**Subject:** RE: Subpoenas in Indivior, Inc., et al. v. Biodelivery Sciences International, Inc. (5:15-cv-350) & Aquestive Therapeutics, Inc. v. Biodelivery Sciences International, Inc. (5:19-cv-505)

**\*\*External Message\*\***

Lori,

Plaintiffs disagree with ARx's description of the events surrounding plaintiffs' subpoenas. The meet and confer, which was limited to the document subpoena, was unproductive as a result of ARx's refusal to identify even a single document that it would be willing to produce. Moreover, while your colleague feigned an inability to understand any of the requests, the emails that followed indicated that counsel does in fact understand the language and is simply unwilling to produce documents. ARx has also never articulated the burden that would be involved in responding to the document requests, thereby making it impossible for plaintiffs to respond to that newly-fashioned complaint.

Involving the court would be unnecessary if the parties were to actually engage in a rational dialogue about which documents ARx has in its possession and is willing to produce. As plaintiffs explained, once the parties resolve the document subpoena, the parties can thereafter discuss appropriate timing for the subsequent deposition and inspection (neither one of which have been raised for discussion via meet and confer). Accordingly, a more appropriate course would be for ARx to comply with its obligation to provide proper objections and responses to plaintiffs' document requests. If ARx insists on running to the court on this issue, then, for all the reasons stated during the meet and confer and in the subsequent emails, plaintiffs do not concur.

Regards,
Jamie

**Jamie L Lucia**

Partner
Pronouns: she/her/hers
jlucia@Steptoe.com
+1 415 365 6711 direct | +1 415 365 6700 fax

# Steptoe

Steptoe & Johnson LLP
One Market Plaza | Spear Tower, Suite 3900
San Francisco, California 94105

www.steptoe.com

This message and any attached documents contain information from the law firm Steptoe & Johnson LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Shyavitz, Lori J. <LShyavitz@McCarter.com>
**Sent:** Sunday, February 20, 2022 9:32 AM
**To:** Lucia, Jamie <jlucia@Steptoe.com>; 'EBE@wardandsmith.com' <EBE@wardandsmith.com>; 'JAS@wardandsmith.com' <JAS@wardandsmith.com>; Targowska, Anna <atargowska@Steptoe.com>; Gelwicks, Daniel <dgelwicks@Steptoe.com>; Hibey, James <jhibey@steptoe.com>; SJAquestiveNC <SJAquestiveNC@Steptoe.com>; Abramic, John <jabramic@Steptoe.com>
**Cc:** Freeman, Kia <KFreeman@McCarter.com>; Turner, Ashley <aturner@McCarter.com>; Proctor, Wyley <wproctor@McCarter.com>; Foley, Thomas F. <tfoley@McCarter.com>; Sterlin, Ian <isterlin@mccarter.com>; 'Peter Siddoway' <psiddoway@sagepat.com>; 'lborchers@sagepat.com' <lborchers@sagepat.com>
**Subject:** RE: Subpoenas in Indivior, Inc., et al. v. Biodelivery Sciences International, Inc. (5:15-cv-350) & Aquestive Therapeutics, Inc. v. Biodelivery Sciences International, Inc. (5:19-cv-505)

Jamie:

ARx timely presented its objections to Plaintiffs' subpoenas on February 7, 2022.  ARx invited Plaintiffs to meet and confer in its objections.  On February 10, 2022, ARx participated in a teleconference on the subpoenas that Plaintiffs effectively shut down after less than 20 minutes.  ARx followed up on that unproductive teleconference, the same day, by again inviting Plaintiffs to meet and confer.  Plaintiffs elected not to accept ARx's second invitation to confer—instead threatening to involve the court.  On February 14, 2022, Plaintiffs asserted:  "If ARx will not agree to produce responsive documents by the February 21 deadline, Plaintiffs will seek the Court's involvement to enforce the subpoenas."  Despite Plaintiffs' threat, on February 15, 2022, for the third time, ARx invited Plaintiffs to meet and confer on the subpoenas—even suggesting specific talking points.  Plaintiffs have not accepted ARx's second or third invitations to meet and confer on the subpoenas—apparently standing behind their stated position that the next step would be to involve the court.

Do Plaintiffs no longer believe that involving the court is the next step?  If so, please explain how Plaintiffs propose to avoid unduly burdening ARx through their subpoenas.  If Plaintiffs cannot identify how they will reduce the burden imposed by the subpoenas, ARx will understand that Plaintiffs do **not** concur with ARx's planned motion to quash the subpoenas for failure to comply with Rule 45.

Thanks,
Lori



**Lori Shyavitz | Partner**
McCarter & English, LLP

265 Franklin Street | Boston, MA 02110

lshyavitz@mccarter.com | www.mccarter.com | V-Card
T 617.449.6561   M 973.803.7404

Boston | Hartford | Stamford | New York | Newark | East Brunswick | Philadelphia | Wilmington | Washington, DC | Miami

**From:** Lucia, Jamie <jlucia@Steptoe.com>
**Sent:** Saturday, February 19, 2022 11:50 AM
**To:** Shyavitz, Lori J. <LShyavitz@McCarter.com>; 'EBE@wardandsmith.com' <EBE@wardandsmith.com>; 'JAS@wardandsmith.com' <JAS@wardandsmith.com>; Targowska, Anna <atargowska@Steptoe.com>; Gelwicks, Daniel <dgelwicks@Steptoe.com>; Hibey, James <jhibey@steptoe.com>; SJAquestiveNC <SJAquestiveNC@Steptoe.com>; Abramic, John <jabramic@Steptoe.com>
**Cc:** Freeman, Kia <KFreeman@McCarter.com>; Turner, Ashley <aturner@McCarter.com>; Proctor, Wyley <wproctor@McCarter.com>; Foley, Thomas F. <tfoley@McCarter.com>; Sterlin, Ian <isterlin@mccarter.com>; 'Peter Siddoway' <psiddoway@sagepat.com>; 'lborchers@sagepat.com' <lborchers@sagepat.com>
**Subject:** RE: Subpoenas in Indivior, Inc., et al. v. Biodelivery Sciences International, Inc. (5:15-cv-350) & Aquestive Therapeutics, Inc. v. Biodelivery Sciences International, Inc. (5:19-cv-505)

**\*\*External Message\*\***

Lori,

This is the first that we are hearing of any intent by ARx to move to quash. Given that, is it ARx's intent to not comply with the requirement to meet and confer before filing the motion? Additionally, please explain the scope and basis for ARx's intended motion, so that we may fully consider the request to concur.

Regards,
Jamie

**Jamie L Lucia**
Partner
Pronouns: she/her/hers
jlucia@Steptoe.com
+1 415 365 6711 direct | +1 415 365 6700 fax

# Steptoe

Steptoe & Johnson LLP
One Market Plaza | Spear Tower, Suite 3900
San Francisco, California 94105
www.steptoe.com

This message and any attached documents contain information from the law firm Steptoe & Johnson LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** Shyavitz, Lori J. <LShyavitz@McCarter.com>
**Sent:** Friday, February 18, 2022 1:51 PM
**To:** 'EBE@wardandsmith.com' <EBE@wardandsmith.com>; 'JAS@wardandsmith.com' <JAS@wardandsmith.com>; Targowska, Anna <atargowska@Steptoe.com>; Gelwicks, Daniel <dgelwicks@Steptoe.com>; Lucia, Jamie <jlucia@Steptoe.com>; Hibey, James <jhibey@steptoe.com>; SJAquestiveNC <SJAquestiveNC@Steptoe.com>; Abramic, John

<jabramic@Steptoe.com>
**Cc:** Freeman, Kia <KFreeman@McCarter.com>; Turner, Ashley <aturner@McCarter.com>; Proctor, Wyley <wproctor@McCarter.com>; Foley, Thomas F. <tfoley@McCarter.com>; Sterlin, Ian <isterlin@mccarter.com>; 'Peter Siddoway' <psiddoway@sagepat.com>; 'lborchers@sagepat.com' <lborchers@sagepat.com>
**Subject:** Subpoenas in Indivior, Inc., et al. v. Biodelivery Sciences International, Inc. (5:15-cv-350) & Aquestive Therapeutics, Inc. v. Biodelivery Sciences International, Inc. (5:19-cv-505)

Counsel,

Non-party ARx, LLC is preparing to file a motion to quash Plaintiffs' subpoenas for documents, inspection of premises and testimony dated January 11, 2022 and issued in connection with Civil Action Nos. 5:19-CV-505-D and 5:15-cv-00350-D in the Eastern District of North Carolina. Pursuant to L.R. 7.1, please let us know if you will concur in the motion.

Thank you,
Lori



**Lori Shyavitz | Partner**
McCarter & English, LLP
265 Franklin Street | Boston, MA 02110

lshyavitz@mccarter.com | www.mccarter.com | V-Card
T 617.449.6561   M 973.803.7404

Boston | Hartford | Stamford | New York | Newark | East Brunswick | Philadelphia | Wilmington | Washington, DC | Miami

**We are committed to helping you navigate the COVID-19 crisis. Please visit our** Coronavirus Resource Center **for important updates providing business guidance throughout this pandemic. For immediate questions, please email your McCarter contact or our** COVID-19 Taskforce**.**

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**We are committed to helping you navigate the COVID-19 crisis. Please visit our** Coronavirus Resource Center **for important updates providing business guidance throughout this pandemic. For immediate questions, please email your McCarter contact or our** COVID-19 Taskforce**.**

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**We are committed to helping you navigate the COVID-19 crisis. Please visit our** Coronavirus Resource Center **for important updates providing business guidance throughout this pandemic. For immediate questions, please email your McCarter contact or our** COVID-19 Taskforce**.**

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the

sender by reply email and destroy all copies of the original message.

**We are committed to helping you navigate the COVID-19 crisis. Please visit our [Coronavirus Resource Center](#) for important updates providing business guidance throughout this pandemic. For immediate questions, please email your McCarter contact or our [COVID-19 Taskforce](#).**

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**We are committed to helping you navigate the COVID-19 crisis. Please visit our [Coronavirus Resource Center](#) for important updates providing business guidance throughout this pandemic. For immediate questions, please email your McCarter contact or our [COVID-19 Taskforce](#).**

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**We are committed to helping you navigate the COVID-19 crisis. Please visit our [Coronavirus Resource Center](#) for important updates providing business guidance throughout this pandemic. For immediate questions, please email your McCarter contact or our [COVID-19 Taskforce](#).**

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.