# EXHIBIT Z



**Kia Freeman**
Partner
T. 617-449-6549
F. 617-206-9412
kfreeman@mccarter.com

McCarter & English, LLP
265 Franklin Street
Boston, MA 02110
www.mccarter.com

July 6, 2022

VIA EMAIL

James F. Hibey
John L. Abramic
Jamie L. Lucia
Anna M. Targowska
Benjamin Holt
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036

E. Bradley Evans
Joseph A. Schouten
WARD & SMITH, P.A.
Post Office Box 8088
Greenville, NC 27835-8088

Re: *Indivior, Inc. and Aquestive Therapeutics, Inc. v. BioDelivery Sciences International, Inc.*, E.D.N.C. Civil Action No. 5:15-cv-00350-D

*Aquestive Therapeutics, Inc. v. BioDelivery Sciences International, Inc.* Civil Action No. E.D.N.C. Civil Action No. 5:19-cv-00505-D

Dear Jamie:

Your June 27th letter misrepresents the history and status of our discussions regarding BioDelivery's production and the possible discovery of ARx documents.

As you know, Aquestive withdrew subpoenas to ARx to avoid having to oppose ARx's motion to quash. At the time, the parties to the subject litigation agreed to work together in good faith to minimize the burden on ARx to the extent that any discovery may be necessary from ARx. BioDelivery has been doing so, and will continue to do so.

In March, Aquestive identified certain types of documents that it sought from ARx by the acronyms ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Aquestive later presented what it characterized as a "non-exhaustive list of exemplary ▇▇▇ and similar documents (i.e., ▇▇▇▇▇▇▇▇▇▇▇▇▇▇) that are identifiable from the face of the batch records BioDelivery produced." Aquestive's non-exhaustive list consisted of an acronym (i.e., ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇) followed by a number.

As promised, BioDelivery followed up with ARx on the documents that Aquestive identified. BioDelivery explained that the identified types of documents are proprietary to ARx. We noted that, except by special request, ARx does not even

ME1 41353065v.1

provide the identified types of documents to the FDA. ARx expressed concern about the possibility of providing any of its proprietary documents to a competitor—particularly a competitor that recently agreed to pay $72 million to settle litigation including allegations of anti-competitive actions.

BioDelivery reported its understanding that some of the documents that Aquestive seeks from ARx do not exist. In response, you asserted that it strains credulity that [] records [produced by BioDelivery] would cite a document that doesn't exist." But in fact, there are many reasonable explanations. For example, there may a typographical error in the number that Aquestive provided. Similarly, BioDelivery submitted the original IND for BELBUCA to the FDA in 2005; if an old BioDelivery document referenced an old ARx document, such an ARx document may no longer exist. Nonetheless, we are investigating further.

Additionally, based on discussions with ARx about the documents identified by Aquestive, we reported our conclusion that, to the extent that they exist, the identified ARx documents are not relevant to the subject litigation. Importantly, contrary to Aquestive's representation, BioDelivery expressed a willingness to revisit the issue at Aquestive's request.

We are in discussions with ARx and hope to have a proposal for possible discovery of ARx documents soon.

Moreover, your request for documents demonstrating the development "timeline" for the accused BUNAVAIL and BELBUCA products has proven considerably more of an undertaking than originally expected. Our current investigation indicates that BioDelivery's Bioerodible Muco-Adhesive (BEMA) drug delivery system technology development process may date back to 1996.

We have been diligently collecting and reviewing documents for production since our last conference. By no means have we refused to produce relevant non-privileged documents that are responsive to Aquestive's document requests.

Sincerely,

Kia Freeman

cc: Counsel of Record (via email)