# EXHIBIT CC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| AQUESTIVE THERAPEUTICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 5:19-cv-00505-D |
| | ) | |
| BIODELIVERY SCIENCES | ) | |
| INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NON-PARTY ARX, LLC'S OBJECTIONS TO
## PLAINTIFF'S *SUBPOENAS DUCES TECUM* AND *AD TESTIFICANDUM*

Pursuant to Federal Rules of Civil Procedure 45, non-party ARx, LLC objects and responds to Plaintiff Aquestive Therapeutics, Inc.'s *Subpoena Duces Tecum* and *Subpoena Ad Testificandum* served on January 12, 2022 (the "Subpoenas"), as follows. These objections are timely-filed pursuant to Plaintiff's agreement to extend the deadline to object to the Subpoenas to February 7, 2022.

## GENERAL OBJECTIONS

Each of the following General Objections are incorporated into each response to each request in the Subpoena *Duces Tecum* ("Request" or "Requests") and each topic in the Subpoena *Ad Testificandum* ("Topic" or "Topics"), whether or not each such General Objection is specifically incorporated into the specific objections below:

1.      ARx objects to the Subpoenas as overly broad and unduly burdensome for non-party ARx. ARx is willing to meet and confer to narrow the Subpoenas.

2.      ARx objects to the Requests as overly broad and unduly burdensome to the extent that they seek information that may be obtained from another source that is less burdensome to nonparty ARx, such as Plaintiff and/or Defendant.

3.      ARx objects to the Requests because the Subpoena *Duces Tecum* does not allow a reasonable time to comply.

4.      ARx objects to each Request to the extent it is unlimited as to the period of time from which documents and information are requested.  ARx objects to the Subpoenas as overly broad and unduly burdensome to the extent that they seek information that predates the issuance of the patent asserted in this case.

5.      ARx objects to the Request for inspection of premises as unduly burdensome and not proportional to the needs of this case, particularly as applied to ARx as a non-party to this case, at least because Plaintiffs have not identified any information that may be obtained through inspection of ARx's premises that could not be obtained through other means.

6.      ARx objects to any Request or Topic to the extent that it is overly broad or unduly burdensome, or purports to impose upon ARx any duty or obligation that is inconsistent with or in excess of those obligations that are imposed by the Federal Rules of Civil Procedure, the Court's local rules, or any other applicable rule.  In particular, ARx objects to any Request or Topic to the extent that it calls for information that is not relevant to any party's claims or defenses and is not proportional to the needs of the case, particularly as applied to ARx as a non-party to this action.

7.      ARx objects to any Request or Topic to the extent that it purports to impose a duty or obligation to search for information and documents beyond a reasonable search of its files where information responsive to the Request or Topic would reasonably be expected to be

2

found.

8.      ARx objects to any Request or Topic that seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common interest doctrine, or any other applicable privilege or immunity.  The inadvertent disclosure of information protected from disclosure by any privilege or doctrine shall not constitute a waiver by ARx of such objections or protections.

9.      ARx objects to any Request that seeks "any," "each," or "all" documents or things as overly broad and unduly burdensome, except to the extent that such Request seeks reasonably narrow, non-cumulative information.  ARx notes that most of the Requests are objectionable insofar as they, at a minimum, seek "all documents" or "all communications."  Requests demanding the production of "all documents" are not proportional to the needs of this case, particularly as applied to ARx as a non-party to this action.

10.     ARx objects to Plaintiffs' definitions of "ARx," "You," and "Your" to mean "ARx, LLC, and include, without limitation, all parents, subsidiaries, affiliates, divisions and other entities owned or controlled by You, if any; all officers, directors, employees, partners, agents, attorneys, representatives and owners (whether direct or indirect and legal, beneficial or otherwise) of entities owned or controlled by You" as vague, ambiguous, overly broad, and unduly burdensome.  ARx interprets "ARx," "You," and "Your" to mean only ARx, LLC.  The Objections and Responses herein are provided on behalf of ARx and only ARx.

11.     ARx objects to any Request or Topic that is premature and/or conflicts with any schedule for disclosure, testimony, or expert opinions entered by the Court or provided for by the local rules.  ARx objects to any Request or Topic that effectively seeks expert opinion as overly broad, unduly burdensome, and not proportionate to the needs of the case, particularly as it

applies to nonparty ARx.

12.     ARx objects to the Requests and Topics, including the accompanying Definitions, to the extent they are vague, ambiguous, overbroad, unduly burdensome, unreasonably cumulative or duplicative, without temporal limitations, or seek information that may be obtained from another source that is more convenient, less burdensome, or less expensive.

13.     ARx objects to Aquestive's "Definitions" and "Instructions" to the extent that they attempt to impose burdens and requirements upon ARx that exceed or differ from the requirements of Rule 45 of the Federal Rules of Civil Procedure, the Court's local rules, or any other applicable rule or court order.

14.     ARx objects to each Request and Topic as overly broad and unduly burdensome to the extent that it seeks information that ARx is under an obligation to a third party or a court order not to disclose, or is precluded from disclosing under legal obligations of any kind, including domestic or foreign privacy laws, U.S. agency regulations, and the like.  ARx objects to the Subpoenas as overly broad and unduly burdensome to the extent that they seek to have third party confidential business information and relevant testimony made available under a Protective Order, which they purport to attach as Exhibit 1 but which was not actually attached.

15.     ARx objects to the Subpoenas as overly broad and unduly burdensome to the extent that they seeks confidential, trade secret, proprietary, or commercially sensitive information or documents owned by third parties, any information or documents that ARx is otherwise obligated to keep confidential, including those that are subject to a third-party confidentiality agreement, or any information or documents that are not covered by an appropriate Protective Order entered in this case.

16.     ARx further objects to each Request and Topic as overly broad and unduly

burdensome to the extent it requests disclosure of information or testimony that ARx cannot provide pursuant to confidentiality obligations to third parties after a reasonable effort to gain permission from the relevant third parties to provide such information or testimony.

17. ARx objects to the Subpoena *Duces Tecum* to the extent that Plaintiff seeks both the production of Documents, Information, or Objects and to Permit Inspection of Premises.

18. ARx objects to the Requests as unduly burdensome and duplicative to the extent that Plaintiff seeks both the production of Documents, Information, or Objects and to Permit Inspection of Premises.

19. ARx objects to the Definitions, Instructions, Requests, and Topics contained in the Subpoenas to the extent they exceed the boundaries of discoverable information or fail to describe the information sought with the required reasonable particularity and, as a result, are vague, overly broad, or unduly burdensome, particularly because ARx is a non-party to this action.

20. ARx objects to the Subpoena *Duces Tecum* to the extent that it seeks the production of "any" or "all" documents in circumstances where literal interpretation of such a request would be unduly burdensome and disproportionate to the needs of this case, particularly because ARx is a nonparty to this action.

21. ARx objects to the Subpoena *Duces Tecum* to the extent that it seeks to compel ARx to provide documents and information not within the possession, custody, or control of ARx. ARx objects the Subpoena *Duces Tecum* to the extent it imposes upon ARx the duty to search for documents and information that are not readily accessible to ARx. Moreover, any objection, or lack of objection to a Request, or any offer by ARx to produce documents and information is not an admission that ARx possesses information related to the Request.

ME1 39303727v.3

22.     ARx objects to the Subpoenas to the extent that the discovery sought is unreasonably cumulative or duplicative, or is obtainable by Plaintiff from some other source that is more convenient, less burdensome, or less expensive to ARx, particularly because ARx is a nonparty to this action.

23.     ARx objects to the Subpoenas as overly broad and unduly burdensome to the extent that they seeks documents and information that are publicly accessible, and related testimony, because such documents and information is equally convenient for Plaintiff to obtain such information.

24.     ARx objects to the Subpoenas to the extent that they are overly broad, unduly burdensome, and seeks documents and information that are neither relevant to the subject matter involved in this action and disproportionate to the needs of this case, particularly because ARx is a nonparty to this action.

25.     ARx objects to the Subpoenas as vague and ambiguous to the extent they refer to "film formulation."  It is unclear whether the Subpoenas refer to action or material when they reference "film formulation."   For example, Request No. 6 references "film formulation containing buprenorphine …, including the formulation and selection of components for any such film formulation."

26.     Any ARx responses and objections to the Requests and Topics are made without waiver and with preservation of the following rights and privileges:

a.      all questions as to competency, relevance, materiality, privilege, and admissibility of the responses and the subject matter thereof for any purpose and in any further proceeding in this lawsuit (including trial) and in any other action or matter;

b.      the right to object to the use of any such responses or the subject matter thereof, on any ground in any further proceeding in this lawsuit (including trial) and in any other action or matter;

c.      the right to object on any ground at any time to a Request or Topic or request for further responses; and

d.      the right at any time to review, correct, add to, supplement, or clarify any responses to the Subpoenas.

27.      ARx objects to the Instructions to the extent they seek to impose unilateral parameters concerning the collection and production of electronically stored information (ESI) beyond those required by the Federal Rules of Civil Procedure and any applicable local rule or court order.

28.      Any responses to the Requests and Topics are based on information presently known to ARx after reasonable investigation.  ARx's objections as set forth herein are made without prejudice to ARx's right to assert any additional or supplemental objections.

29.      Any response in which ARx may agree to produce responsive documents, whether or not made subject to objections, is not an admission or representation that any such document exists.

30.      ARx reserves the right to supplement any response to the extent that additional documents are identified that, subject to any applicable privilege or objection, may be responsive to the Requests or Topics.

ME1 39303727v.3

## SPECIFIC RESPONSES AND OBJECTIONS TO
## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST FOR PRODUCTION NO. 1:

All communications between You and BDSI regarding patents relating to any lingual, sublingual, or buccal film formulation containing buprenorphine, including, but not limited to, the '167 Patent.

RESPONSE TO REQUEST NO. 1:

In addition to the General Objections, ARx specifically objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it seeks communications with "BDSI" broadly defined to include unidentified "parents, subsidiaries, affiliates, divisions and other entities owned or controlled by Defendant, *if any*; all officers, directors, employees, partners, agents, attorneys, representatives and owners (whether direct or indirect and legal, beneficial or otherwise) of entities owned or controlled by Defendant, *if any*, and any consultants, experts, investigators and other persons acting or purporting to act on behalf of Defendant or of any subsidiary, affiliate, division or entity owned or controlled by Defendant" (emphasis added) and further broadly defines "employees" as unidentified "person currently or formerly serving, acting, or existing as an employee or agent, including employees, agents, attorneys, partners, associates, financial advisors, consultants, investigators, and any other person acting on behalf of the person referred to, pursuant to the authority of the person referred to, or subject to the control of the person referred to." ARx further objects to this Request as vague, ambiguous, overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case because it purports to seek "communications … regarding patents relating to any … film formulation containing buprenorphine including, but not limited to, the '167 Patent." But ARx notes that the '167

patent does not include the word "buprenorphine," thereby making it unclear how ARx might identify the patents that Plaintiff references. ARx specifically objects to this Request as unduly burdensome and not proportionate to the needs of the case to the extent it seeks production equally available from Defendant. ARx specifically objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. ARx further objects to this Request as overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case to the extent it requests disclosure of information that ARx cannot disclose pursuant to confidentiality obligations to third parties after a reasonable effort to do so. ARx further objects to this Request as overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case to the extent that the Request requires disclosure of trade secrets or other confidential business information regarding "any lingual, sublingual, or buccal film formulation containing buprenorphine."

Subject to these objections and the foregoing General Objections, ARx is willing to meet and confer to narrow the scope of this Request.

REQUEST FOR PRODUCTION NO. 2:

Communications, including agreements and/or contracts, between You and BDSI relating to BDSI's NDA, BELBUCA, and/or any other lingual, sublingual, or buccal film formulation containing buprenorphine.

RESPONSE TO REQUEST NO. 2:

In addition to the General Objections, ARx specifically objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because it seeks communications with

"BDSI" broadly defined to include unidentified "parents, subsidiaries, affiliates, divisions and other entities owned or controlled by Defendant, *if any*; all officers, directors, employees, partners, agents, attorneys, representatives and owners (whether direct or indirect and legal, beneficial or otherwise) of entities owned or controlled by Defendant, *if any*, and any consultants, experts, investigators and other persons acting or purporting to act on behalf of Defendant or of any subsidiary, affiliate, division or entity owned or controlled by Defendant" (emphasis added) and further broadly defines "employees" as unidentified "person currently or formerly serving, acting, or existing as an employee or agent, including employees, agents, attorneys, partners, associates, financial advisors, consultants, investigators, and any other person acting on behalf of the person referred to, pursuant to the authority of the person referred to, or subject to the control of the person referred to." ARx specifically objects to this Request as vague, ambiguous, overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case because it seeks "communications … relating to BDSI's NDA, BELBUCA, and/or any other lingual, sublingual, or buccal film formulation containing buprenorphine." ARx specifically objects to this Request as unduly burdensome and not proportionate to the needs of the case to the extent it seeks production equally available from Defendant. ARx specifically objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. ARx further objects to this Request as overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case to the extent it requests disclosure of information that ARx cannot disclose pursuant to confidentiality obligations to third parties after a reasonable effort to do so. ARx further objects to this Request to the extent

ME1 39303727v.3

that the Request requires disclosure of trade secrets or other confidential business information regarding "BDSI's NDA, BELBUCA, and/or any other lingual, sublingual, or buccal film formulation containing buprenorphine."

Subject to these objections and the foregoing General Objections, ARx is willing to meet and confer to narrow the scope of this Request.

REQUEST FOR PRODUCTION NO. 3:

All documents relating to ARx's role regarding BDSI's NDA and/or BELBUCA, including research and development, manufacture or production, and/or ingredient sourcing.

RESPONSE TO REQUEST NO. 3:

In addition to the General Objections, ARx specifically objects to this Request as vague, ambiguous, overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case to the extent it purports to seek information regarding "[a]ll documents relating to ARx's role …." ARx specifically objects to this Request as unduly burdensome and not proportionate to the needs of the case to the extent it seeks production equally available from Defendant. ARx specifically objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. ARx further objects to this Request as overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case to the extent it requests disclosure of information that ARx cannot disclose pursuant to confidentiality obligations to third parties after a reasonable effort to gain permission from the relevant third party for such disclosure. ARx further objects to this Request as vague, ambiguous, overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses,

and not proportionate to the needs of the case to the extent that the Request requires disclosure

of trade secrets or other confidential business information regarding "research and development,

manufacture or production, and/or ingredient sourcing."

Subject to these objections and the foregoing General Objections, ARx is willing to meet

and confer to narrow the scope of this Request.

REQUEST FOR PRODUCTION NO. 4:

Correspondence or other communication relating to BDSI's NDA, BELBUCA, and any

other lingual, sublingual, or buccal film formulation containing buprenorphine, including

communications between ARx and BDSI.

RESPONSE TO REQUEST NO. 4:

In addition to the General Objections, ARx specifically objects to this Request as vague,

ambiguous, overly broad, unduly burdensome, seeking information not relevant to any party's

claims or defenses, and not proportionate to the needs of the case because it purports to seek

"communications relating to BDSI's NDA, BELBUCA, and any … film formulation containing

buprenorphine."  ARx specifically objects to this Request as vague, ambiguous, overly broad,

unduly burdensome, seeking information not relevant to any party's claims or defenses, and not

proportionate to the needs of the case because it seeks communications with "BDSI" broadly

defined to include unidentified "parents, subsidiaries, affiliates, divisions and other entities

owned or controlled by Defendant, *if any*; all officers, directors, employees, partners, agents,

attorneys, representatives and owners (whether direct or indirect and legal, beneficial or

otherwise) of entities owned or controlled by Defendant, *if any*, and any consultants, experts,

investigators and other persons acting or purporting to act on behalf of Defendant or of any

subsidiary, affiliate, division or entity owned or controlled by Defendant" (emphasis added) and

further broadly defines "employees" as unidentified "person currently or formerly serving, acting, or existing as an employee or agent, including employees, agents, attorneys, partners, associates, financial advisors, consultants, investigators, and any other person acting on behalf of the person referred to, pursuant to the authority of the person referred to, or subject to the control of the person referred to." ARx specifically objects to this Request as unduly burdensome and not proportionate to the needs of the case to the extent it seeks production equally available from Defendant. ARx specifically objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. ARx objects to this Request as overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case to the extent that it seeks confidential, trade secret, proprietary, or commercially sensitive information or documents owned by third parties, any information or documents that ARx is otherwise obligated to keep confidential, including those that are subject to a third-party confidentiality agreement, or any information or documents that are not adequately covered by an appropriate Protective Order entered in this case. ARx further objects to this Request as overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case to the extent it requests disclosure of information that ARx cannot disclose pursuant to confidentiality obligations to third parties after a reasonable effort to gain permission from the relevant third parties for such disclosure.

Subject to these objections and the foregoing General Objections, ARx is willing to meet and confer to narrow the scope of this Request.

<u>REQUEST FOR PRODUCTION NO. 5:</u>

Communications with Plaintiff and/or with any current or former employee or consultant of Plaintiff.

<u>RESPONSE TO REQUEST NO. 5:</u>

In addition to the General Objections, ARx specifically objects to this Request as vague, ambiguous, overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case because it seeks communications with "Plaintiff" broadly defined to include unidentified "parents, subsidiaries, affiliates, divisions, officers, directors, employees, partners, agents, attorneys, … representatives, … consultants, experts, investigators, and other persons acting … on behalf of Aquestive" and with any unidentified "current or former employee or consultant of Plaintiffs," where "employee" is broadly defined as any unidentified "person currently or formerly serving, acting, or existing as an employee or agent, including employees, agents, attorneys, partners, associates, financial advisors, consultants, investigators, and any other person acting on behalf of the person referred to, pursuant to the authority of the person referred to, or subject to the control of the person referred to."  ARx specifically objects to this Request as overly broad, unduly burdensome to nonparty ARx, and not proportionate to the needs of the case to the extent it seeks communications equally available to Plaintiff.  ARx specifically objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  ARx further objects to this Request to the extent it requests disclosure of information that ARx cannot disclose pursuant to confidentiality obligations to third parties after a reasonable effort to gain permission from the relevant third party to do so.

REQUEST FOR PRODUCTION NO. 6:

All documents relating to the research and development of BDSI's NDA, BELBUCA, and/or any other lingual, sublingual, or buccal film formulation containing buprenorphine for or on behalf of BDSI, including the formulation of and selection of components for any such film formulation.

RESPONSE TO REQUEST NO. 6:

In addition to the General Objections, ARx specifically objects to this Request as vague, ambiguous, overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case because it purports to seek "[a]ll documents relating to the research and development of … film formulation containing buprenorphine for or on behalf of BDSI, including the formulation of and selection of components for any such film formulation."  ARx specifically objects to this Request as unduly burdensome and not proportionate to the needs of the case to the extent it seeks production equally available from Defendant.  ARx specifically objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  ARx further objects to this Request as overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case to the extent it requests disclosure of information that ARx cannot disclose pursuant to confidentiality obligations to third parties after a reasonable effort to gain permission from the relevant third party for such disclosure. ARx further objects to this Request to the extent that the Request requires disclosure of trade secrets or other confidential business information regarding "research and development."

REQUEST FOR PRODUCTION NO. 7:

All agreements and communications between You and any Third Party relating to any processes, procedures, materials, or equipment involved in or related to BDSI's NDA, BELBUCA, and/or any other lingual, sublingual, or buccal film formulation containing buprenorphine for or on behalf of BDSI.

RESPONSE TO REQUEST NO. 7:

In addition to the General Objections, ARx specifically objects to this Request as vague ambiguous, overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case. For example, ARx objects to this Request as vague, ambiguous, overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case because it purports to seek "communications … relating to … film formulation containing buprenorphine for or on behalf of BDSI." ARx specifically objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. ARx objects to this Request as overly broad and unduly burdensome to the extent that it seeks confidential, trade secret, proprietary, or commercially sensitive information or documents owned by third parties, any information or documents that ARx is otherwise obligated to keep confidential, including those that are subject to a third-party confidentiality agreement, or any information or documents that are not adequately covered by an appropriate Protective Order entered in this case. ARx further objects to this Request to the extent it requests disclosure of information that ARx cannot disclose pursuant to confidentiality obligations to third parties after a reasonable effort to gain permission from the relevant third party to do so.

ME1 39303727v.3

Subject to these objections and the foregoing General Objections, ARx is willing to meet and confer to narrow the scope of this Request.

REQUEST FOR PRODUCTION NO. 8:

All documents relating to the manufacturing process(es) of BDSI's NDA, BELBUCA, and/or any other lingual, sublingual, or buccal film formulation containing buprenorphine for or on behalf of BDSI, including, but not limited to, specifications, technical documentation, requirements specifications, design specifications, manufacturing recipes, manufacturing instructions, manufacturing flows, data sheets, measurements and/or data monitored or collected during the manufacturing process.

RESPONSE TO REQUEST NO. 8:

In addition to the General Objections, ARx specifically objects to this Request as vague, ambiguous, overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case. For example, ARx objects to this Request as vague, ambiguous, overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case because it purports to seek "[a]ll documents relating to the manufacturing process(es) of … film formulation containing buprenorphine for or on behalf of BDSI." ARx specifically objects to this Request as unduly burdensome and not proportionate to the needs of the case to the extent it seeks production equally available from Defendant. ARx specifically objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. ARx further objects to this Request to the extent that the Request requires disclosure of trade secrets or other confidential business information regarding "specifications, technical documentation, requirements

specifications, design specifications, manufacturing recipes, manufacturing instructions, manufacturing flows, data sheets, measurements and/or data monitored or collected during the manufacturing process." ARx further objects to this Request to the extent it requests disclosure of information that ARx cannot disclose pursuant to confidentiality obligations to third parties after a reasonable effort to gain permission from the relevant third party to do so. ARx further objects to this Request to the extent it seeks information or documents relating to activities beyond the scope of this case and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections and the foregoing General Objections, ARx is willing to meet and confer to narrow the scope of this Request.

REQUEST FOR PRODUCTION NO. 9:

All registration records and batch records for BDSI's NDA, BELBUCA, and/or any other lingual, sublingual, or buccal film formulation containing buprenorphine for or on behalf of BDSI.

RESPONSE TO REQUEST NO. 9:

In addition to the General Objections, ARx specifically objects to this Request as overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case to the extent it purports to seek information regarding "[a]ll registrations record and batch records …." ARx further objects to this Request as vague, ambiguous, overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case because it purports to seek "records for … film formulation containing buprenorphine for or on behalf of BDSI." ARx specifically objects to this Request as unduly burdensome to the extent it seeks production

equally available from Defendant.  ARx further objects to this Request to the extent that it requires disclosure of a trade secret or other confidential business information.  ARx further objects to this Request to the extent it requests disclosure of information that ARx cannot disclose pursuant to confidentiality obligations to third parties after a reasonable effort to gain permission from the relevant third party for such disclosure.

Subject to these objections and the foregoing General Objections, ARx is willing to meet and confer to narrow the scope of this Request.

REQUEST FOR PRODUCTION NO. 10:

All documents relating to testing protocols, testing procedures, testing parameters, testing results, sampling plans, sampling protocols, or industry standards for sampling plans or sampling protocols, of BDSI's NDA, BELBUCA, and/or any other lingual, sublingual, or buccal film formulation containing buprenorphine for or on behalf of BDSI.

RESPONSE TO REQUEST NO. 10:

In addition to the General Objections, ARx specifically objects to this Request as vague, ambiguous, overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case.  For example, ARx objects to this Request as vague, ambiguous, overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case because it purports to seek "[a]ll documents relating to testing … of … any … film formulation containing buprenorphine for or on behalf of BDSI."  ARx specifically objects to this Request as overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case to the extent it seeks "[a]ll documents relating to … industry standards for sampling plans or sampling protocols."  ARx specifically

objects to this Request as unduly burdensome and not proportionate to the needs of the case to the extent it seeks production equally available from Defendant. ARx further objects to this Request to the extent it requests disclosure of information that ARx cannot disclose pursuant to confidentiality obligations to third parties after a reasonable effort to gain permission from the relevant third party for such disclosure. ARx further objects to this Request to the extent that the Request requires disclosure of trade secrets or other confidential business information regarding "documents relating to testing protocols, testing procedures, testing parameters, testing results, sampling plans, sampling protocols ...." ARx further objects to this Request to the extent it seeks information or documents relating to activities beyond the scope of this case and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections and the foregoing General Objections, ARx is willing to meet and confer to narrow the scope of this Request.

REQUEST FOR PRODUCTION NO. 11:

All documents relating to the physical, structural, and chemical characteristics of BDSI's NDA, BELBUCA, and/or any other lingual, sublingual, or buccal film formulation containing buprenorphine for or on behalf of BDSI, including the amounts of each component included therein and the reasons for its inclusion.

RESPONSE TO REQUEST NO. 11:

In addition to the General Objections, ARx specifically objects to this Request as vague, ambiguous, overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case. For example, ARx objects to this Request as vague, ambiguous, overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case

because it purports to seek "[a]ll documents relating to … characteristics of … any … film formulation containing buprenorphine for or on behalf of BDSI."  ARx specifically objects to this Request as unduly burdensome and not proportionate to the needs of the case to the extent it seeks production equally available from Defendant.  ARx objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent it encompasses publicly available information, which is equally available to Plaintiff.  ARx specifically objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  ARx further objects to this Request to the extent it requests disclosure of information that ARx cannot disclose pursuant to confidentiality obligations to third parties after a reasonable effort to gain permission from the relevant third party for such disclosure.

Subject to these objections and the foregoing General Objections, ARx is willing to meet and confer to narrow the scope of this Request.

REQUEST FOR PRODUCTION NO. 12:

All documents relating to the decision to use each excipient in BDSI's NDA, BELBUCA, and/or any other lingual, sublingual, or buccal film formulation containing buprenorphine for or on behalf of BDSI, and the reasons for it, including all alternative excipients considered and all research and testing related thereto.

RESPONSE TO REQUEST NO. 12:

In addition to the General Objections, ARx specifically objects to this Request as vague, ambiguous, overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case.  For example, ARx objects to this Request as vague, ambiguous, overly broad, unduly burdensome, seeking information not

relevant to any party's claims or defenses, and not proportionate to the needs of the case because it references "each excipient" and "all alternative excipients considered and all research and testing related thereto." ARx further objects to this Request as vague, ambiguous, overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case because it purports to seek "[a]ll documents relating to … film formulation containing buprenorphine for or on behalf of BDSI." ARx specifically objects to this Request as unduly burdensome and not proportionate to the needs of the case to the extent it seeks production equally available from Defendant. ARx specifically objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. ARx further objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent it requests disclosure of information that ARx cannot disclose pursuant to confidentiality obligations to third parties after a reasonable effort to gain permission from the relevant third party to do so. ARx further objects to this Request to the extent that the Request requires disclosure of trade secrets or other confidential business information regarding "the decision to use each excipient in BDSI's NDA, BELBUCA, and/or any other lingual, sublingual, or buccal film formulation containing buprenorphine for or on behalf of BDSI, and the reasons for it." ARx further objects to this Request to the extent it seeks information or documents relating to activities beyond the scope of this case and not reasonably calculated to lead to the discovery of admissible evidence.

ME1 39303727v.3

<u>REQUEST FOR PRODUCTION NO. 13:</u>

All documents and communications relating to ARx's knowledge, consideration, and/or investigation of patents relating to any lingual, sublingual, or buccal film formulation containing buprenorphine, including, but not limited to, the '167 Patent.

<u>RESPONSE TO REQUEST NO. 13:</u>

In addition to the General Objections, ARx specifically objects to this Request as vague, ambiguous, overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case because it purports to seek "[a]ll documents and communications relating to … patents relating to … film formulation containing buprenorphine, including, but not limited to, the '167 Patent." But ARx notes that the '167 patent does not include the word "buprenorphine," thereby making it unclear how ARx might identify the patents that Plaintiff references. ARx specifically objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. ARx objects to this Request as overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case to the extent that it seeks confidential, trade secret, proprietary, or commercially sensitive information or documents owned by third parties, any information or documents that ARx is otherwise obligated to keep confidential, including those that are subject to a third-party confidentiality agreement, or any information or documents that are not adequately covered by an appropriate Protective Order entered in this case. ARx further objects to this Request as overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case to the extent it requests disclosure of information that ARx cannot disclose pursuant to

confidentiality obligations to third parties after a reasonable effort to gain permission from the relevant third parties to do so. ARx further objects to this Request because it seeks information or documents relating to activities beyond the scope of this case and not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 14:

All documents relating to any legal and/or technical opinions obtained by BDSI and/or ARx for the purpose of evaluating the scope, infringement, or validity of patents relating to any lingual, sublingual, or buccal film formulation containing buprenorphine, including, but not limited to, the '167 Patent.

RESPONSE TO REQUEST NO. 14:

In addition to the General Objections, ARx specifically objects to this Request as vague, ambiguous, overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case because it purports to seek "[a]ll documents relating to any legal and/or technical opinions … for the purpose of evaluating the scope, infringement, or validity of patents relating to … film formulation containing buprenorphine, including, but not limited to, the '167 Patent." But ARx notes that the '167 patent does not include the word "buprenorphine," thereby making it unclear how ARx might identify the patents that Plaintiff references. ARx specifically objects to this Request as vague, ambiguous, overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case because it seeks all documents relating to opinions obtained by "BDSI" broadly defined to include unidentified "parents, subsidiaries, affiliates, divisions and other entities owned or controlled by Defendant, *if any*; all officers, directors, employees, partners, agents, attorneys, representatives and owners (whether

direct or indirect and legal, beneficial or otherwise) of entities owned or controlled by

Defendant, *if any*, and any consultants, experts, investigators and other persons acting or

purporting to act on behalf of Defendant or of any subsidiary, affiliate, division or entity owned

or controlled by Defendant" (emphasis added) and further broadly defines "employees" as

unidentified "person currently or formerly serving, acting, or existing as an employee or agent,

including employees, agents, attorneys, partners, associates, financial advisors, consultants,

investigators, and any other person acting on behalf of the person referred to, pursuant to the

authority of the person referred to, or subject to the control of the person referred to."  ARx

specifically objects to this Request as unduly burdensome and not proportionate to the needs of

the case to the extent it seeks production equally available from Defendant.  ARx specifically

objects to this Request to the extent it seeks information protected from disclosure by the

attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.

ARx objects to this Request as overly broad, unduly burdensome, seeking information not

relevant to any party's claims or defenses, and not proportionate to the needs of the case to the

extent that it seeks confidential, trade secret, proprietary, or commercially sensitive information

or documents owned by third parties, any information or documents that ARx is otherwise

obligated to keep confidential, including those that are subject to a third-party confidentiality

agreement, or any information or documents that are not adequately covered by an appropriate

Protective Order entered in this case.  ARx further objects to this Request as overly broad,

unduly burdensome, seeking information not relevant to any party's claims or defenses, and not

proportionate to the needs of the case to the extent it requests disclosure of information that

ARx cannot disclose pursuant to confidentiality obligations to third parties after a reasonable

effort to gain permission from the relevant third parties to do so.  ARx further objects to this

Request to the extent it seeks information or documents relating to activities beyond the scope of this case and not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 15:

All documents relating to the development of the manufacturing process use to make BELBUCA and/or any other lingual, sublingual, or buccal film formulation containing buprenorphine for or on behalf of BDSI, including different apparatuses, settings, configurations, specifications, or parameters considered or tried during development and the reasons such apparatuses, setting, configurations, specifications, or parameters were rejected or adopted for use.

RESPONSE TO REQUEST NO. 15:

In addition to the General Objections, ARx specifically objects to this Request as vague, ambiguous, overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case.  For example, ARx objects to this Request as vague, ambiguous, overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case because it purports to seek "[a]ll documents relating to the development of the manufacturing process use to make … film formulation containing buprenorphine for or on behalf of BDSI." ARx specifically objects to this Request as unduly burdensome and not proportionate to the needs of the case to the extent it seeks production equally available from Defendant.  ARx specifically objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  ARx further objects to this Request to the extent it requests disclosure of information that ARx cannot disclose pursuant to confidentiality obligations to third parties

after a reasonable effort to gain permission from the relevant third party for such disclosure. ARx further objects to this Request to the extent it seeks information or documents relating to activities beyond the scope of this case and not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 16:

All documents relating to the monitoring and engineering of the manufacturing equipment and process used to make BELBUCA and/or any other lingual, sublingual, or buccal film formulation containing buprenorphine for or on behalf of BDSI, including but not limited to data reflecting any engineering or manufacturing parameter, including but not limited to engineering of manufacturing equipment, temperature, airflow, fluid flow, velocity, and pressure.

RESPONSE TO REQUEST NO. 16:

In addition to the General Objections, ARx specifically objects to this Request as vague, ambiguous, overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case. For example, ARx objects to this Request as vague, ambiguous, overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case because it purports to seek "[a]ll documents relating to the monitoring and engineering of the manufacturing equipment and process used to make … film formulation containing buprenorphine for or on behalf of BDSI." ARx specifically objects to this Request as unduly burdensome and not proportionate to the needs of the case to the extent it seeks production equally available from Defendant. ARx specifically objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. ARx further objects to this Request to

the extent that the Request requires disclosure of trade secrets or other confidential business information.  ARx further objects to this Request to the extent it requests disclosure of information that ARx cannot disclose pursuant to confidentiality obligations to third parties after a reasonable effort to gain permission from the relevant third party to do so.  ARx further objects to this Request to the extent it seeks information or documents relating to activities beyond the scope of this case and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections and the foregoing General Objections, ARx is willing to meet and confer to narrow the scope of this Request.

ME1 39303727v.3

**SPECIFIC RESPONSES AND OBJECTIONS TO**
**TOPICS OF DEPOSITION**

DEPOSITION TOPIC NO. 1:

Communications between You and BDSI regarding patents relating to any lingual,
sublingual, or buccal film formulation containing buprenorphine, including, but not limited to,
the '167 Patent.

RESPONSE TO TOPIC NO. 1:

In addition to the General Objections, ARx specifically objects to this Topic as vague,
ambiguous, overly broad, unduly burdensome, seeking testimony not relevant to any party's
claims or defenses, and not proportionate to the needs of the case because it seeks testimony on
communications with "BDSI" broadly defined to include unidentified "parents, subsidiaries,
affiliates, divisions and other entities owned or controlled by Defendant, *if any*; all officers,
directors, employees, partners, agents, attorneys, representatives and owners (whether direct or
indirect and legal, beneficial or otherwise) of entities owned or controlled by Defendant, *if any*,
and any consultants, experts, investigators and other persons acting or purporting to act on
behalf of Defendant or of any subsidiary, affiliate, division or entity owned or controlled by
Defendant" (emphasis added) and further broadly defines "employees" as unidentified "person
currently or formerly serving, acting, or existing as an employee or agent, including employees,
agents, attorneys, partners, associates, financial advisors, consultants, investigators, and any
other person acting on behalf of the person referred to, pursuant to the authority of the person
referred to, or subject to the control of the person referred to."  ARx further objects to this Topic
as vague, ambiguous, overly broad, unduly burdensome, seeking testimony not relevant to any
party's claims or defenses, and not proportionate to the needs of the case because it purports to
seek testimony on "[c]ommunications … regarding patents relating to … film formulation

29

containing buprenorphine including, but not limited to, the '167 Patent." But ARx notes that the '167 patent does not include the word "buprenorphine," thereby making it unclear how ARx might identify the patents that Plaintiff references. ARx specifically objects to this Topic as unduly burdensome and not proportionate to the needs of the case to the extent it seeks testimony equally available from Defendant. ARx specifically objects to this Topic to the extent it seeks testimony protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. ARx further objects to this Topic as overly broad, unduly burdensome, seeking testimony not relevant to any party's claims or defenses, and not proportionate to the needs of the case to the extent it seeks testimony on information that ARx cannot disclose pursuant to confidentiality obligations to third parties after a reasonable effort to gain permission from the relevant third party to provide such testimony. ARx further objects to this Topic as overly broad, unduly burdensome, seeking testimony not relevant to any party's claims or defenses, and not proportionate to the needs of the case to the extent that the Topic seeks testimony on trade secrets or other confidential business information regarding "any lingual, sublingual, or buccal film formulation containing buprenorphine."

Subject to these objections and the foregoing General Objections, ARx is willing to meet and confer to narrow the scope of this Topic.

DEPOSITION TOPIC NO. 2:

Communications, including agreements and/or contracts, between You and BDSI and between You and any Third Party relating to BDSI's NDA, BELBUCA, and/or any other lingual, sublingual, or buccal film formulation containing buprenorphine.

RESPONSE TO TOPIC NO. 2:

In addition to the General Objections, ARx specifically objects to this request as vague, ambiguous, overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case because it seeks testimony on "[c]ommunications … relating to BDSI's NDA, BELBUCA, and/or … film formulation containing buprenorphine." ARx specifically objects to this Topic as unduly burdensome and not proportionate to the needs of the case to the extent it seeks testimony equally available from Defendant. ARx specifically objects to this Topic to the extent it seeks testimony protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. ARx further objects to this Topic as overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case to the extent it seeks testimony on information that ARx cannot disclose pursuant to confidentiality obligations to third parties after a reasonable effort to gain permission from the relevant third party to provide such testimony. ARx further objects to this Topic to the extent that the it seeks testimony on trade secrets or other confidential business information regarding "BDSI's NDA, BELBUCA, and/or any other lingual, sublingual, or buccal film formulation containing buprenorphine."

Subject to these objections and the foregoing General Objections, ARx is willing to meet and confer to narrow the scope of this Topic.

DEPOSITION TOPIC NO. 3:

ARx's role regarding BDSI's NDA and/or BELBUCA, including research and development, manufacture or production, and/or ingredient sourcing.

<u>RESPONSE TO TOPIC NO. 3:</u>

In addition to the General Objections, ARx specifically objects to this Topic as vague, ambiguous, overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case to the extent it purports to seek testimony regarding "ARx's role …<u>.</u>" ARx specifically objects to this Topic as unduly burdensome and not proportionate to the needs of the case to the extent it seeks testimony equally available from Defendant. ARx specifically objects to this Topic to the extent it seeks testimony protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. ARx further objects to this Topic as overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case to the extent it seeks testimony on information that ARx cannot disclose pursuant to confidentiality obligations to third parties after a reasonable effort to gain permission from the relevant third party toprovide such testimony. ARx further objects to this Topic as overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case to the extent that it seeks testimony on trade secrets or other confidential business information regarding "research and development, manufacture or production, and/or ingredient sourcing."

Subject to these objections and the foregoing General Objections, ARx is willing to meet and confer to narrow the scope of this Topic.

<u>DEPOSITION TOPIC NO. 4:</u>

Correspondence or other communication relating to BDSI's NDA, BELBUCA, and any other lingual, sublingual, or buccal film formulation containing buprenorphine, including communications between ARx and BDSI and between ARx and any Third Party.

RESPONSE TO TOPIC NO. 4:

       In addition to the General Objections, ARx specifically objects to this Topic as vague, ambiguous, overly broad, unduly burdensome, seeking testimony not relevant to any party's claims or defenses, and not proportionate to the needs of the case because it purports to seek testimony on "communication relating to BDSI's NDA, BELBUCA, and any … film formulation containing buprenorphine."  ARx specifically objects to this Topic as vague, ambiguous, overly broad, unduly burdensome, seeking testimony not relevant to any party's claims or defenses, and not proportionate to the needs of the case because it purports to seek testimony on communications with BDSI and/or with any "Third Party," which is defined  as "any Person or Entity other than Defendant and Plaintiff," so it effectively seeks ARx communications with anyone but Plaintiff.  But ARx notes that Topic No. 5 seeks testimony on "[c]ommunications with Plaintiff."  ARx specifically objects to this Topic as unduly burdensome and not proportionate to the needs of the case to the extent it seeks testimony equally available from Defendant.  ARx specifically objects to this Topic to the extent it seeks testimony on information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  ARx objects to this Topic as overly broad, unduly burdensome, seeking testimony not relevant to any party's claims or defenses, and not proportionate to the needs of the case to the extent it seeks testimony on confidential, trade secret, proprietary, or commercially sensitive information of documents owned by third parties, and information or documents that ARx is otherwise obligated to keep confidential, including those that are subject to a third-party confidentiality agreement, or any information or documents that are adequately covered by an appropriate Protective Order entered in this case.  ARx further objects to this Topic as overly broad, unduly burdensome,

seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case to the extent it seeks testimony on information that ARx cannot disclose pursuant to confidentiality obligations to third parties after a reasonable effort to gain permission from the relevant third parties to provide such testimony.

Subject to these objections and the foregoing General Objections, ARx is willing to meet and confer to narrow the scope of this Topic.

DEPOSITION TOPIC NO. 5:

Communications with Plaintiff and/or with any current or former employee or consultant of Plaintiff.

RESPONSE TO TOPIC NO. 5:

In addition to the General Objections, ARx specifically objects to this request as vague, ambiguous, overly broad, unduly burdensome, seeking information not relevant to any party's claim or defense, and not proportionate to the needs of the case because it seeks testimony on communications with "Plaintiff" broadly defined to include unidentified "parents, subsidiaries, affiliates, divisions, officers, directors, employees, partners, agents, attorneys, … representatives, … consultants, experts, investigators, and other persons acting … on behalf of Aquestive" and with any unidentified "current or former employee or consultant of Plaintiffs," where "employee" is broadly defined as any unidentified "person currently or formerly serving, acting, or existing as an employee or agent, including employees, agents, attorneys, partners, associates, financial advisors, consultants, investigators, and any other person acting on behalf of the person referred to, pursuant to the authority of the person referred to, or subject to the control of the person referred to."  ARx specifically objects to this Topic as overly broad, unduly burdensome to nonparty ARx, and not proportionate to the needs of the case to the

extent it seeks testimony on communications equally available to Plaintiff. ARx specifically objects to this Topic to the extent it seeks testimony on information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. ARx further objects to this Topic to the extent it requests testimony on information that ARx cannot disclose pursuant to confidentiality obligations to third parties after a reasonable effort to gain permission from the relevant third party to provide such testimony.

<u>DEPOSITION TOPIC NO. 6:</u>

ARx's knowledge of the research and development of BDSI's NDA, BELBUCA, and/or any other lingual, sublingual, or buccal film formulation containing buprenorphine for or on behalf of BDSI, including the formulation of and selection of components for any such film formulation.

<u>RESPONSE TO TOPIC NO. 6:</u>

In addition to the General Objections, ARx specifically objects to this Topic as vague, ambiguous, overly broad, unduly burdensome, seeking testimony not relevant to any party's claims or defenses, and not proportionate to the needs of the case because it purports to seek testimony on "ARx's knowledge of the research and development of … film formulation containing buprenorphine for or on behalf of BDSI, including the formulation of and selection of components for any such film formulation." ARx specifically objects to this Topic to the extent it seeks testimony on information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. ARx further objects to this Topic as overly broad, unduly burdensome, seeking testimony not relevant to any party's claims or defenses, and not proportionate to the needs of the case to the extent it seeks testimony on information that ARx cannot disclose pursuant to confidentiality obligations to third parties

after a reasonable effort to gain permission from the relevant third party to provide such testimony. ARx further objects to this Topic to the extent that the Topic requires testimony on trade secrets or other confidential business information regarding "research and development."

<u>DEPOSITION TOPIC NO. 7:</u>

Agreements between You and any Third Party relating to any processes, procedures, materials, or equipment involved in or related to BDSI's NDA, BELBUCA, and/or any other lingual, sublingual, or buccal film formulation containing buprenorphine for or on behalf of BDSI.

<u>RESPONSE TO TOPIC NO. 7:</u>

In addition to the General Objections, ARx specifically objects to this Topic as vague, ambiguous, overly broad, unduly burdensome, seeking testimony not relevant to any party's claims or defenses, and not proportionate to the needs of the case. For example, ARx objects to this Topic as vague, ambiguous, overly broad, unduly burdensome, seeking testimony not relevant to any party's claims or defenses, and not proportionate to the needs of the case because it purports to seek testimony on third party "[a]greements … relating to any processes, procedures, materials, or equipment involved in or related to … film formulation containing buprenorphine for or on behalf of BDSI." ARx specifically objects to this Topic to the extent it seeks testimony on information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. ARx objects to this Topic as overly broad and unduly burdensome to the extent that it seeks testimony on confidential, trade secret, proprietary, or commercially sensitive information or documents that ARx is otherwise obligated to keep confidential, including those that are subject to a third-party confidentiality agreement, or any information or documents that are not adequately protected by an appropriate

Protective Order entered in this case. ARx further objects to this Topic to the extent it requests testimony on information that ARx cannot disclose pursuant to confidentiality obligations to third parties after a reasonable effort to gain permission from the relevant third party to provide such testimony.

Subject to these objections and the foregoing General Objections, ARx is willing to meet and confer to narrow the scope of this Topic.

DEPOSITION TOPIC NO. 8:

Testing or sampling performed by or on behalf of ARx or BDSI relating to BDSI's NDA, BELBUCA, and/or any other lingual, sublingual, or buccal film formulation containing buprenorphine for or on behalf of BDSI, including the protocols, procedures, parameters, industry standards, specifications, and/or results of any such testing or sampling.

RESPONSE TO TOPIC NO. 8:

In addition to the General Objections, ARx specifically objects to this Topic as vague, ambiguous, overly broad, unduly burdensome, seeking testimony not relevant to any party's claims or defenses, and not proportionate to the needs of the case. For example, ARx objects to this Topic as vague, ambiguous, overly broad, unduly burdensome, seeking testimony not relevant to any party's claims or defenses, and not proportionate to the needs of the case because it purports to seek testimony on "[t]esting or sampling … relating to … film formulation containing buprenorphine for or on behalf of BDSI." ARx specifically objects to this Topic as overly broad, unduly burdensome, and seeking testimony not proportionate to the needs of the case to the extent it seeks testimony on "industry standards." ARx specifically objects to this Topic as unduly burdensome and not proportionate to the needs of the case to the extent it seeks testimony equally available from Defendant. ARx further objects to this Topic to

the extent it requests testimony on information that ARx cannot disclose pursuant to confidentiality obligations to third parties after a reasonable effort to gain permission from the relevant third party to provide such testimony. ARx further objects to this Topic to the extent that the Topic requires testimony on trade secrets or other confidential business information regarding "protocols, procedures, parameters, industry standards, specifications, and/or results of any such testing or sampling." ARx further objects to this Topic to the extent it seeks testimony on documents relating to activities beyond the scope of this case and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections and the foregoing General Objections, ARx is willing to meet and confer to narrow the scope of this Topic.

DEPOSITION TOPIC NO. 9:

The physical, structural, and chemical characteristics of BDSI's NDA, BELBUCA, and/or any other lingual, sublingual, or buccal film formulation containing buprenorphine for or on behalf of BDSI, including the amounts of each component included therein and the reasons for its inclusion.

RESPONSE TO TOPIC NO. 9:

In addition to the General Objections, ARx specifically objects to this Topic as vague, ambiguous, overly broad, unduly burdensome, seeking testimony not relevant to any party's claims or defenses, and not proportionate to the needs of the case. For example, ARx objects to this Topic as vague, ambiguous, overly broad, unduly burdensome, seeking testimony not relevant to any party's claims or defenses, and not proportionate to the needs of the case because it purports to seek testimony on "characteristics of … film formulation containing buprenorphine for or on behalf of BDSI." ARx specifically objects to this Topic as unduly

burdensome and not proportionate to the needs of the case to the extent it seeks testimony equally available from Defendant.  ARx specifically objects to this Topic as overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent that it seeks testimony on publicly available information, which is equally available to Plaintiff.  ARx specifically objects to this Topic to the extent it seeks testimony on information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. ARx further objects to this Topic to the extent it seeks testimony on information that ARx cannot disclose pursuant to confidentiality obligations to third parties after a reasonable effort to gain permission from the relevant third party to provide such testimony.

Subject to these objections and the foregoing General Objections, ARx is willing to meet and confer to narrow the scope of this Topic.

DEPOSITION TOPIC NO. 10:

The decision to use each excipient in BDSI's NDA, BELBUCA, and/or any other lingual, sublingual, or buccal film formulation containing buprenorphine for or on behalf of BDSI, and the reasons for it, including all alternative excipients considered and all research and testing related thereto.

RESPONSE TO TOPIC NO. 10:

In addition to the General Objections, ARx specifically objects to this Topic as vague, ambiguous, overly broad, unduly burdensome, seeking testimony not relevant to any party's claims or defenses, and not proportionate to the needs of the case.  For example, ARx objects to this Topic as vague, ambiguous, overly broad, unduly burdensome, seeking testimony not relevant to any party's claims or defenses, and not proportionate to the needs of the case

because it seeks testimony on "each excipient" and "all alternative excipients considered and all research and testing related thereto."  ARx further objects to this Topic as vague, ambiguous, overly broad, unduly burdensome, seeking testimony not relevant to any party's claims or defenses, and not proportionate to the needs of the case because it purports to seek testimony on "[t]he decision to use each excipient in … film formulation containing buprenorphine for or on behalf of BDSI."  ARx specifically objects to this Topic as unduly burdensome and not proportionate to the needs of the case to the extent it seeks testimony equally available from Defendant.  ARx specifically objects to this Topic to the extent it seeks testimony on information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  ARx further objects to this Topic as overly broad, unduly burdensome, seeking testimony not relevant to any party's claims or defenses, and not proportionate to the needs of the case to the extent it requests testimony on information that ARx cannot disclose pursuant to confidentiality obligations to third parties after a reasonable effort to gain permission from the relevant third party to provide such testimony.  ARx further objects to this Topic to the extent that the Topic requires testimony on trade secrets or other confidential business information regarding "[t]he decision to use each excipient in BDSI's NDA, BELBUCA, and/or any other lingual, sublingual, or buccal film formulation containing buprenorphine for or on behalf of BDSI, and the reasons for it."  ARx further objects to this Topic to the extent it seeks testimony relating to activities beyond the scope of this case and not reasonably calculated to lead to the discovery of admissible evidence.

<u>DEPOSITION TOPIC NO. 11:</u>

ARx's knowledge, consideration, and/or investigation of patents relating to any lingual, sublingual, or buccal film formulation containing buprenorphine, including, but not limited to, the '167 Patent.

<u>RESPONSE TO TOPIC NO. 11:</u>

In addition to the General Objections, ARx specifically objects to this Topic as vague, ambiguous, overly broad, unduly burdensome, seeking testimony not relevant to any party's claims or defenses, and not proportionate to the needs of the case because it purports to seek testimony related to "patents relating to … film formulation containing buprenorphine, including, but not limited to, the '167 Patent." But ARx notes that the '167 patent does not include the word "buprenorphine," thereby making it unclear how to identify the patents that Plaintiff references. ARx specifically objects to this Topic to the extent it seeks testimony on information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. ARx objects to this Topic as overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case to the extent that it seeks testimony on confidential, trade secret, proprietary, or commercially sensitive information or documents owned by third parties, any information or documents that ARx is otherwise obligated to keep confidential, including those that are subject to a third-party confidentiality agreement, or any information or documents that are not adequately covered by an appropriate Protective Order entered in this case. ARx further objects to this Topic as overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case to the extent it requests testimony on information that ARx cannot disclose pursuant to confidentiality

obligations to third parties after a reasonable effort to gain permission from the relevant third parties to provide such testimony. ARx further objects to this Topic because it seeks testimony on documents relating to activities beyond the scope of this case and not reasonably calculated to lead to the discovery of admissible evidence.

DEPOSITION TOPIC NO. 12:

Any legal and/or technical opinions obtained by BDSI and/or ARx for the purpose of evaluating the scope, infringement, or validity of patents relating to any lingual, sublingual, or buccal film formulation containing buprenorphine, including, but not limited to, the '167 Patent.

RESPONSE TO TOPIC NO. 12:

In addition to the General Objections, ARx specifically objects to this Topic as vague, ambiguous, overly broad, unduly burdensome, seeking testimony not relevant to any party's claims or defenses, and not proportionate to the needs of the case because it purports to seek testimony on "[a]ny legal and/or technical opinions … for the purpose of evaluating the scope, infringement, or validity of patents relating to any … film formulation containing buprenorphine, including, but not limited to, the '167 Patent." But ARx notes that the '167 patent does not include the word "buprenorphine," thereby making it unclear how ARx might identify the patents that Plaintiff references. ARx specifically objects to this Topic as vague, ambiguous, overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case because it seeks testimony on opinions obtained by "BDSI" broadly defined to include unidentified "parents, subsidiaries, affiliates, divisions and other entities owned or controlled by Defendant, *if any*; all officers, directors, employees, partners, agents, attorneys, representatives and owners (whether direct or indirect and legal, beneficial or otherwise) of entities owned or controlled by Defendant, *if any*,

and any consultants, experts, investigators and other persons acting or purporting to act on behalf of Defendant or of any subsidiary, affiliate, division or entity owned or controlled by Defendant" (emphasis added) and further broadly defines "employees" as unidentified "person currently or formerly serving, acting, or existing as an employee or agent, including employees, agents, attorneys, partners, associates, financial advisors, consultants, investigators, and any other person acting on behalf of the person referred to, pursuant to the authority of the person referred to, or subject to the control of the person referred to." ARx specifically objects to this Topic as unduly burdensome and not proportionate to the needs of the case to the extent it seeks testimony equally available from Defendant. ARx specifically objects to this Topic to the extent it seeks testimony on information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. ARx objects to this Topic as overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case to the extent that it seeks testimony on confidential, trade secret, proprietary, or commercially sensitive information or documents owned by third parties, any information or documents that ARx is otherwise obligated to keep confidential, including those that are subject to a third-party confidentiality agreement, or any information or documents that are not adequately covered by an appropriate Protective Order entered in this case. ARx further objects to this Topic as overly broad, unduly burdensome, seeking information not relevant to any party's claims or defenses, and not proportionate to the needs of the case to the extent it requests testimony on information that ARx cannot disclose pursuant to confidentiality obligations to third parties after a reasonable effort to gain permission from the relevant third parties to provide such testimony. ARx further objects to this Topic to the extent it seeks testimony relating to activities beyond the scope of this case and not

reasonably calculated to lead to the discovery of admissible evidence.

DEPOSITION TOPIC NO. 13:

The manufacturing process used to make BELBUCA and/or any other lingual, sublingual, or buccal film formulation containing buprenorphine for or on behalf of BDSI, including different apparatuses, settings, configurations, specifications, or parameters considered or tried during development and the reasons such apparatuses, setting, configurations, specifications, or parameters were rejected or adopted for use.

RESPONSE TO TOPIC NO. 13:

In addition to the General Objections, ARx specifically objects to this Topic as vague, ambiguous, overly broad, unduly burdensome, seeking testimony not relevant to any party's claims or defenses, and not proportionate to the needs of the case. For example, ARx objects to this Topic as vague, ambiguous, overly broad, unduly burdensome, seeking testimony on not relevant to any party's claims or defenses, and not proportionate to the needs of the case because it purports to seek testimony on "[t]he manufacturing process used to make … film formulation containing buprenorphine for or on behalf of BDSI." ARx specifically objects to this Topic as unduly burdensome and not proportionate to the needs of the case to the extent it seeks testimony equally available from Defendant. ARx specifically objects to this Topic to the extent it seeks testimony on information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. ARx further objects to this Topic to the extent it requests testimony on information that ARx cannot disclose pursuant to confidentiality obligations to third parties after a reasonable effort to gain permission from the relevant third party to provide such testimony. ARx further objects to this

Topic to the extent it seeks testimony relating to activities beyond the scope of this case and not reasonably calculated to lead to the discovery of admissible evidence.

DEPOSITION TOPIC NO. 14:

The monitoring and engineering of the manufacturing equipment and process used to make BELBUCA and/or any other lingual, sublingual, or buccal film formulation containing buprenorphine for or on behalf of BDSI, including but not limited to data reflecting any engineering or manufacturing parameter, including but not limited to engineering of manufacturing equipment, temperature, airflow, fluid flow, velocity, and pressure.

RESPONSE TO TOPIC NO. 14:

In addition to the General Objections, ARx specifically objects to this Topic as vague, ambiguous, overly broad, unduly burdensome, seeking testimony not relevant to any party's claims or defenses, and not proportionate to the needs of the case.  For example, ARx objects to this Topic as vague, ambiguous, overly broad, unduly burdensome, seeking testimony not relevant to any party's claims or defenses, and not proportionate to the needs of the case because it purports to seek testimony on "monitoring and engineering of of the manufacturing equipment and process used to make … film formulation containing buprenorphine for or on behalf of BDSI."  ARx specifically objects to this Topic as unduly burdensome and not proportionate to the needs of the case to the extent it seeks testimony equally available from Defendant.  ARx specifically objects to this Topic to the extent it seeks testimony on information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  ARx further objects to this Topic to the extent that the Topic requires testimony on trade secrets or other confidential business information.  ARx further objects to this Topic to the extent it requests testimony on information that ARx cannot

disclose pursuant to confidentiality obligations to third parties after a reasonable effort to gain

permission from the relevant third party to provide such testimony. ARx further objects to this

Topic to the extent it seeks testimony relating to activities beyond the scope of this case and not

reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections and the foregoing General Objections, ARx is willing to meet

and confer to narrow the scope of this Topic.

DEPOSITION TOPIC NO. 145 [sic-15]:

ARx's role regarding registration records and batch records for BDSI's NDA,

BELBUCA, and/or any other lingual, sublingual, or buccal film formulation containing

buprenorphine for or on behalf of BDSI.

RESPONSE TO TOPIC NO. 15:

In addition to the General Objections, ARx specifically objects to this Topic as vague,

ambiguous, overly broad, unduly burdensome, seeking testimony not relevant to any party's

claims or defenses, and not proportionate to the needs of the case. For example, ARx objects to

this Topic as vague, ambiguous, overly broad, unduly burdensome, seeking testimony not

relevant to any party's claims or defenses, and not proportionate to the needs of the case

because it purports to seek testimony on "ARx's role regarding … film formulation containing

buprenorphine for or on behalf of BDSI." ARx specifically objects to this Topic as unduly

burdensome and not proportionate to the needs of the case to the extent it seeks testimony

equally available from Defendant. ARx specifically objects to this Topic to the extent it seeks

testimony on information protected from disclosure by the attorney-client privilege, work

product doctrine, or any other applicable privilege or immunity. ARx further objects to this

Topic to the extent that it requires testimony on a trade secret or other confidential business

information regarding "registration records and batch records." ARx further objects to this Topic to the extent it requests testimony on information that ARx cannot disclose pursuant to confidentiality obligations to third parties after a reasonable effort to gain permission from the relevant third party to provide such testimony.

Subject to these objections and the foregoing General Objections, ARx is willing to meet and confer to narrow the scope of this Topic.

Dated: February 7, 2022

OF COUNSEL:

/s/ Kia L. Freeman
Kia L. Freeman
Lori Shyavitz
Wyley S. Proctor
Thomas F. Foley
MCCARTER & ENGLISH LLP
265 Franklin Street
Boston, Massachusetts 02110
Telephone: (617) 449-6500
kfreeman@mccarter.com
lshyavitz@mccarter.com
wproctor@mccarter.com
tfoley@mccarter.com

Attorneys for Non-Party ARx, LLC

/s/ Ahsley Turner
Ashley Turner
Pennsylvania State Bar No. 321816
MCCARTER & ENGLISH LLP
1600 Market St. Suite 3900
Philadelphia, Pennsylvania 19103
Telephone: (215)979-3884
aturner@mccarter.com

Counsel for Non-Party ARx, LLC

**CERTIFICATE OF SERVICE**

I, certify that on February 7, 2022, I served this document on Plaintiff Aquestive Therapeutics, Inc., by emailing this document to Aquestive's counsel of record at the following e-mail addresses:

James F. Hibey at jhibey@steptoe.com
Jamie Lucia at jlucia@steptoe.com
John L Abramic at jabramic@steptoe.com
Anna M. Targowska at atargowska@steptoe.com
Joseph A. Schouten at jas@wardandsmith.com
E. Bradley Evans at ebe@wardandsmith.com
SJAquestiveNC@Steptoe.com

*/s/ Kia L. Freeman*
Kia L. Freeman
MCCARTER & ENGLISH LLP
265 Franklin Street
Boston, Massachusetts 02110
Telephone: (617) 549-7167
kfreeman@mccarter.com