# EXHIBIT DD

| | |
|---|---|
| **From:** | E. Bradley Evans |
| **To:** | Freeman, Kia; Joseph A. Schouten; Targowska, Anna; Susan J. St. Clair; Lucia, Jamie; Hibey, James; SJAquestiveNC; Abramic, John |
| **Cc:** | Shyavitz, Lori J.; Turner, Ashley; Proctor, Wyley; Foley, Thomas F.; Sterlin, Ian; psiddoway@sagepat.com; lborchers@sagepat.com |
| **Subject:** | RE: Subpoenas in Indivior, Inc., et al. v. Biodelivery Sciences International, Inc. (5:15-cv-350) & Aquestive Therapeutics, Inc. v. Biodelivery Sciences International, Inc. (5:19-cv-505) |
| **Date:** | Monday, February 14, 2022 4:27:11 PM |
| **Attachments:** | image001.png<br>image002.png<br>image003.png<br>image004.png<br>image005.png<br>image006.png<br>image007.png<br>image008.png<br>image009.png<br>image010.png<br>image334914.gif<br>image026586.png<br>image040546.png<br>image673681.png |

Kia,

Thank you for taking the time to speak with us regarding the subpoenas to third party ARx. We disagree with your characterization of the meet and confer and provide the following corrections.

At the start of the call, Plaintiffs sought clarification of ARx's numerous written objections, which are confusing and provide no indication whether ARx is willing to produce a single responsive document. You explained that ARx's position was that the requests for production were so unduly burdensome and impossible to decipher, that it was not going to comply with the subpoena.

Plaintiffs disagreed with ARx's stated position and, in an effort to explain that disagreement, Plaintiffs identified Request for Production No. 3 as an example. We asked whether ARx was willing to produce internal ARx documents related to manufacturing (e.g., specifications or other documents detailing manufacturing operation), and specifically whether ARx would produce such records that would be in ARx's sole possession and control. Rather than answering the direct question, you indicated that "ARx's role" was too vague to understand, despite the example.

We then asked, several times, whether ARx could identify a single responsive document that it would be willing to produce in response to any of the RFPs. Rather than answering that question, you insisted that the requests were too broad to understand and explained that it was not worth your effort to even try complying with the subpoenas. At that point, after both sides agreed that the call was going in circles, it was clear we were at an impasse and the meet and confer was ended.

Ultimately, ARx's generic boilerplate objections, mischaracterization of the meet and confer, unwillingness to even try to comply with the subpoena, and inability to identify even a single document that ARx is willing to produce, indicate that ARx has not taken its responsibility to comply with the subpoena seriously. Moreover, the responses we received during both the meet and confer and in the email below suggest either a lack of knowledge of ARx's connection to the facts of the case or a deliberate misunderstanding in an effort to delay ARx's satisfaction of its obligations under the subpoena.

Notwithstanding the above, Plaintiffs provide the following responses to the specific examples cited in your email:

First, regarding Request for Production No. 1, it is nonsensical to suggest that the scope of the request may seek ARx's communications with BDSI relating to "every patent ever discussed" given the language of the request narrowing its scope to specific products. It is similarly nonsensical to suggest that the request may seek communications about "no patent," particularly given that BDSI itself has identified certain patents in the Orange Book in connection with the accused products. As is clear from the narrowly-tailored request itself, Request No. 1

seeks communications between ARx and BDSI that discuss patents in the context of the relevant films.

Second, regarding Request for Production No. 3, it is again nonsensical to suggest that the request may seek every document ARx has or "a single page of a document that ARx understands that BDSI has produced in the relevant litigation." Although further explanation is unnecessary, the plain language of the request seeks ARx's documents reflecting R&D, manufacturing and production, and ingredient sourcing for the identified products. Such documents in ARx's possession are clearly within the four corners of the subpoena and relevant to the allegations of the cases.

ARx has an obligation to respond in good faith to Plaintiffs' subpoenas. That obligation carries with it the requirement to identify, with specificity, the grounds for any objections and whether ARx is withholding any documents on the basis of such objections. Not only has ARx failed to provide the required specific objections and identification of withheld documents, it has also repeatedly failed to identify even a single document that ARx is willing to produce. If ARx will not agree to produce responsive documents by the February 21 deadline, Plaintiffs will seek the Court's involvement to enforce the subpoenas.

Brad Evans



**E. Bradley Evans**
Attorney

**Ward and Smith, P.A.**
Post Office Box 8088 | Greenville, NC 27835-8088
Overnight Delivery:
120 West Fire Tower Road | Winterville, NC 28590
P: 252.215.4025 | F: 252.215.4077 | M: 252.916.6267
www.wardandsmith.com
Resources for North Carolina Businesses during COVID-19



If you have received this confidential message in error, please destroy it and any attachments without reading, printing, copying or forwarding it. Please let us know of the error immediately so that we can prevent it from happening again. You may reply directly to the sender of this message. Neither the name of Ward and Smith, P.A. or its representative, nor transmission of this email from Ward and Smith, P.A., shall be considered an electronic signature unless specifically stated otherwise in this email by a licensed attorney employed by Ward and Smith, P.A. Thank you.

**From:** Freeman, Kia <KFreeman@McCarter.com>
**Sent:** Thursday, February 10, 2022 5:08 PM
**To:** E. Bradley Evans <EBE@wardandsmith.com>; Joseph A. Schouten <JAS@wardandsmith.com>; Targowska, Anna <atargowska@Steptoe.com>; Susan J. St. Clair <SJS@wardandsmith.com>; Lucia, Jamie <jlucia@Steptoe.com>; Hibey, James <jhibey@steptoe.com>; SJAquestiveNC <SJAquestiveNC@Steptoe.com>; Abramic, John <jabramic@Steptoe.com>
**Cc:** Shyavitz, Lori J. <LShyavitz@McCarter.com>; Turner, Ashley <aturner@McCarter.com>; Proctor, Wyley <wproctor@McCarter.com>; Foley, Thomas F. <tfoley@McCarter.com>; Sterlin, Ian <isterlin@mccarter.com>; psiddoway@sagepat.com; lborchers@sagepat.com
**Subject:** Subpoenas in Indivior, Inc., et al. v. Biodelivery Sciences International, Inc. (5:15-cv-350) & Aquestive Therapeutics, Inc. v. Biodelivery Sciences International, Inc. (5:19-cv-505)

Brad:

Thank you for speaking with us today. As you know, ARx is not a party in either case with respect to which Plaintiffs subpoenaed ARx for discovery. As counsel for Plaintiffs, you asked us to meet and confer on ARx's recent responses to the subpoenas and we agreed to do so.

Counsel for Plaintiffs began the teleconference by asking ARx to explain its responses, which altogether consist of about 94 pages. Plaintiffs' counsel asserted that they do not entirely understand ARx's

responses, and we provided a summary explanation of ARx's position.  In contrast, Plaintiffs' counsel refused to explain even the one exemplary subpoena discovery request that they had selected—pointing out that the request is in English.  But to the extent that English language communications cannot possibly require any clarification, Plaintiffs' counsel should have had no difficulty thoroughly understanding ARx's responses because they are also in English.

Many of Plaintiffs requests are difficult to understand.  For example, Subpoena Request for Production No. 3 in Indivior, Inc., et al. v. Biodelivery Sciences International, Inc. (5:15-cv-350), which request Plaintiffs' counsel selected as their example, seeks "All documents relating to ARx's role regarding BDSI's NDA, and/or BUNAVAIL including research and development, manufacture or productions, and/or ingredient sourcing."  The phrase "ARx's role" in context of the Request for production is vague and ambiguous.  That Request might seek either (a) all of the documents ARx ever created or possessed regarding BDSI's NDA and/or BUNAVAIL or (b) a single page of a document that ARx understands that BDSI has produced in the relevant litigation.  Plaintiffs' counsel refused to clarify.

For another example, Subpoena Request for Production No. 1 in Indivior, Inc., et al. v. Biodelivery Sciences International, Inc. (5:15-cv-350), seeks "All communications between You and BDSI regarding patents relating to any lingual, sublingual, or buccal film formulation containing buprenorphine and naloxone including, but not limited to, the '167 patent."  ARx is a global leader in the development and manufacture of specialty pharmaceutical products including oral and mucosal thin dissolvable films.  As Plaintiffs know,  film "formulation" has different meanings.  The '167 patent does not include the word "buprenorphine" or the word "naloxone."  Accordingly, the Request might seek ARx's communications with BDSI relating to (a) every patent that ARx may have ever discussed with BDSI or (b) no patent.  Subpoena Request for Production No. 1 in Aquestive Therapeutics, Inc., et al. v. Biodelivery Sciences International, Inc. (5:19-cv-505) raises similar issues.  But rather than clarify what Plaintiffs mean by the referenced "patents," or how ARx might identify any such patents, Plaintiffs' counsel terminated the teleconference.

ARx reiterates that there should be something between the full scope of the discovery apparently sought by the subpoenas, which is unduly burdensome to ARx for reasons set forth in its responses, and nothing.  The subpoenas are unduly burdensome to ARx on their face because, among other reasons, they seek (a) "industry standards" and (b) communications between ARx and Plaintiffs, both of which are equally available to or already in the possession of Plaintiffs themselves.  ARx again invites Plaintiffs to narrow, and explain, the discovery sought through the subpoenas.

ARx is disappointed that Plaintiffs' counsel apparently have no interest in narrowing, or explaining, the discovery Plaintiffs seek through their subpoenas.  Nonetheless, ARx remains available to meet and confer in a bona fide effort to narrow the discovery requests to something that would not be unduly burdensome to ARx.  To be absolutely clear, provided that an appropriate middle ground can be reached, ARx does not generally object to producing non-privileged responsive documents in its possession, custody, and control, to the extent that it has, or can gain with a reasonable effort, authority to do so, and they exist.

Regards,
Kia



**Kia Freeman | Partner**
McCarter & English, LLP
265 Franklin Street | Boston, MA 02110

kfreeman@mccarter.com | www.mccarter.com | V-Card
T 617.449.6549    M 617.549.7167

Boston | Hartford | Stamford | New York | Newark | East Brunswick | Philadelphia | Wilmington | Washington, DC | Miami

**From:** E. Bradley Evans <EBE@wardandsmith.com>
**Sent:** Tuesday, February 8, 2022 6:12 PM
**To:** Freeman, Kia <KFreeman@McCarter.com>; Joseph A. Schouten <JAS@wardandsmith.com>; Targowska, Anna <atargowska@Steptoe.com>; Susan J. St. Clair <SJS@wardandsmith.com>; Lucia, Jamie <jlucia@Steptoe.com>; Hibey, James <jhibey@steptoe.com>; SJAquestiveNC <SJAquestiveNC@Steptoe.com>; Abramic, John <jabramic@Steptoe.com>
**Cc:** Shyavitz, Lori J. <LShyavitz@McCarter.com>; Turner, Ashley <aturner@McCarter.com>; Proctor, Wyley <wproctor@McCarter.com>; Foley, Thomas F. <tfoley@McCarter.com>; Sterlin, Ian <isterlin@mccarter.com>; psiddoway@sagepat.com; lborchers@sagepat.com
**Subject:** RE: Indivior, Inc., et al. v. Biodelivery Sciences International, Inc. (5:15-cv-350) & Aquestive Therapeutics, Inc., et al. v. Biodelivery Sciences International, Inc. (5:19-cv-505)

**\*\*External Message\*\***

Kia:

We need to arrange a meet and confer to discuss the ARx subpoenas promptly. We are available this Thursday, February 10, any time after 2 pm Eastern. Please let us know what time works on your end and we will circulate call-in information. Thanks.

Brad Evans



**E. Bradley Evans**
Attorney

**Ward and Smith, P.A.**
Post Office Box 8088 | Greenville, NC 27835-8088
Overnight Delivery:
120 West Fire Tower Road | Winterville, NC 28590
P: **252.215.4025** | F: **252.215.4077** | M: **252.916.6267**
**www.wardandsmith.com**
**Resources for North Carolina Businesses during COVID-19**

If you have received this confidential message in error, please destroy it and any attachments without reading, printing, copying or forwarding it. Please let us know of the error immediately so that we can prevent it from happening again. You may reply directly to the sender of this message. Neither the name of Ward and Smith, P.A. or its representative, nor transmission of this email from Ward and Smith, P.A., shall be considered an electronic signature unless specifically stated otherwise in this email by a licensed attorney employed by Ward and Smith, P.A. Thank you.

**From:** Freeman, Kia <KFreeman@McCarter.com>
**Sent:** Monday, February 7, 2022 4:50 PM
**To:** E. Bradley Evans <EBE@wardandsmith.com>; Joseph A. Schouten <JAS@wardandsmith.com>; Targowska, Anna <atargowska@Steptoe.com>; Susan J. St. Clair <SJS@wardandsmith.com>; Lucia, Jamie <jlucia@Steptoe.com>; Hibey, James <jhibey@steptoe.com>; SJAquestiveNC <SJAquestiveNC@Steptoe.com>; Abramic, John <jabramic@Steptoe.com>
**Cc:** Shyavitz, Lori J. <LShyavitz@McCarter.com>; Turner, Ashley <aturner@McCarter.com>; Proctor, Wyley <wproctor@McCarter.com>; Foley, Thomas F. <tfoley@McCarter.com>; Sterlin, Ian <isterlin@mccarter.com>; psiddoway@sagepat.com; lborchers@sagepat.com
**Subject:** RE: Indivior, Inc., et al. v. Biodelivery Sciences International, Inc. (5:15-cv-350) & Aquestive Therapeutics, Inc., et al. v. Biodelivery Sciences International, Inc. (5:19-cv-505)

Brad:

Please see attached.

Regards,
Kia



**Kia Freeman | Partner**
McCarter & English, LLP
265 Franklin Street | Boston, MA 02110

kfreeman@mccarter.com | www.mccarter.com | V-Card
T 617.449.6549    M 617.549.7167

Boston | Hartford | Stamford | New York | Newark | East Brunswick | Philadelphia | Wilmington | Washington, DC | Miami

---

**From:** E. Bradley Evans <EBE@wardandsmith.com>
**Sent:** Tuesday, January 25, 2022 6:21 PM
**To:** Freeman, Kia <KFreeman@McCarter.com>; Joseph A. Schouten <JAS@wardandsmith.com>; Targowska, Anna <atargowska@Steptoe.com>; Susan J. St. Clair <SJS@wardandsmith.com>; Lucia, Jamie <jlucia@Steptoe.com>; Hibey, James <jhibey@steptoe.com>; SJAquestiveNC <SJAquestiveNC@Steptoe.com>; Abramic, John <jabramic@Steptoe.com>
**Cc:** Proctor, Wyley <wproctor@McCarter.com>; Foley, Thomas F. <tfoley@McCarter.com>; Sterlin, Ian <isterlin@mccarter.com>; psiddoway@sagepat.com; lborchers@sagepat.com
**Subject:** RE: Indivior, Inc., et al. v. Biodelivery Sciences International, Inc. (5:15-cv-350)

**\*\*External Message\*\***

Kia,

In view of McCarter & English being engaged yesterday, Plaintiffs are willing to agree to extend the deadline for ARx to serve written objections to the subpoenas by two weeks from the date of engagement (until Monday, February 7) and to extend the deadline for production of documents for an additional two weeks from service of the objections (until Monday, February 21).

We are willing to revisit and work with you on the dates for deposition testimony and inspection after we receive ARx's document production.

---

**From:** Freeman, Kia <KFreeman@McCarter.com>
**Sent:** Tuesday, January 25, 2022 1:41 PM
**To:** E. Bradley Evans <EBE@wardandsmith.com>; Joseph A. Schouten <JAS@wardandsmith.com>; Targowska, Anna <atargowska@Steptoe.com>; Susan J. St. Clair <SJS@wardandsmith.com>; Lucia, Jamie <jlucia@Steptoe.com>; Hibey, James <jhibey@steptoe.com>; SJAquestiveNC <SJAquestiveNC@Steptoe.com>; Abramic, John <jabramic@Steptoe.com>
**Cc:** Proctor, Wyley <wproctor@McCarter.com>; Foley, Thomas F. <tfoley@McCarter.com>; Sterlin, Ian

<isterlin@mccarter.com>; psiddoway@sagepat.com; lborchers@sagepat.com
**Subject:** RE: Indivior, Inc., et al. v. Biodelivery Sciences International, Inc. (5:15-cv-350)

Brad:

As clarification in response to your inquiry, ARx requests an extension of every prior deadline related to the subpoenas up to February 28th.  Those deadlines would include the deadlines for objections, for production, and for testimony.  We expect that Plaintiffs may want to request all new deadlines in view of the requested extension.

As previously noted, McCarter & English was engaged by ARx yesterday.

Please advise whether Plaintiff/Plaintiffs agree to the requested extension.

Regards,
Kia



**Kia Freeman | Partner**
McCarter & English, LLP
265 Franklin Street | Boston, MA 02110

kfreeman@mccarter.com | www.mccarter.com | V-Card
T 617.449.6549    M 617.549.7167

Boston | Hartford | Stamford | New York | Newark | East Brunswick | Philadelphia | Wilmington | Washington, DC | Miami

---

**From:** E. Bradley Evans <EBE@wardandsmith.com>
**Sent:** Tuesday, January 25, 2022 11:47 AM
**To:** Freeman, Kia <KFreeman@McCarter.com>; Joseph A. Schouten <JAS@wardandsmith.com>; Targowska, Anna <atargowska@Steptoe.com>; Susan J. St. Clair <SJS@wardandsmith.com>; Lucia, Jamie <jlucia@Steptoe.com>; Hibey, James <jhibey@steptoe.com>; SJAquestiveNC <SJAquestiveNC@Steptoe.com>; Abramic, John <jabramic@Steptoe.com>
**Cc:** Proctor, Wyley <wproctor@McCarter.com>; Foley, Thomas F. <tfoley@McCarter.com>; Sterlin, Ian <isterlin@mccarter.com>; psiddoway@sagepat.com; lborchers@sagepat.com
**Subject:** RE: Indivior, Inc., et al. v. Biodelivery Sciences International, Inc. (5:15-cv-350)

**External Message**

---

Kia,

While Plaintiffs in both cases are willing to consider a short, reasonable extension, we are not entirely clear as to which deadline ARx is requesting to be extended.

Our understanding is that ARx's deadline to object to the subpoenas (which include requests for document production on January 31, a deposition on February 16, and an inspection on April 6) is Wednesday, January 26th (14 days from service of January 12th).

In light of the various dates, in order for Plaintiffs to consider your request, it would be helpful to understand which deadlines you seek to extend, and the basis for the extension.  For example, to the extent the request is

regarding the deadlines for serving written objections, we would like to understand the basis for the length of the extension. If, however, the request is only regarding the date on which ARx can produce documents, that would also be helpful to understand. If your request is regarding the dates for the deposition or the inspection, Plaintiffs are willing to work with ARx on finding acceptable dates that work for all necessary parties.

Thanks, and we look forward to your response.

Brad Evans

---

**From:** Freeman, Kia <KFreeman@McCarter.com>
**Sent:** Monday, January 24, 2022 3:00 PM
**To:** E. Bradley Evans <EBE@wardandsmith.com>; Joseph A. Schouten <JAS@wardandsmith.com>; Targowska, Anna <atargowska@Steptoe.com>; Susan J. St. Clair <SJS@wardandsmith.com>; Lucia, Jamie <jlucia@Steptoe.com>; Hibey, James <jhibey@steptoe.com>; SJAquestiveNC <SJAquestiveNC@Steptoe.com>; Abramic, John <jabramic@Steptoe.com>
**Cc:** Proctor, Wyley <wproctor@McCarter.com>; Foley, Thomas F. <tfoley@McCarter.com>; Sterlin, Ian <isterlin@mccarter.com>; psiddoway@sagepat.com; lborchers@sagepat.com
**Subject:** RE: Indivior, Inc., et al. v. Biodelivery Sciences International, Inc. (5:15-cv-350)

Brad:

McCarter & English was just engaged to represent ARx with respect to Plaintiffs' subpoenas.

As a courtesy, on behalf of ARx, we request an extension of the deadline to respond to February 28th.

Regards,
Kia



**Kia Freeman | Partner**
McCarter & English, LLP
265 Franklin Street | Boston, MA 02110

kfreeman@mccarter.com | www.mccarter.com | V-Card
T 617.449.6549    M 617.549.7167

Boston | Hartford | Stamford | New York | Newark | East Brunswick | Philadelphia | Wilmington | Washington, DC | Miami

---

**From:** Susan J. St. Clair <SJS@wardandsmith.com>
**Sent:** Tuesday, January 11, 2022 6:15 PM
**To:** Freeman, Kia <KFreeman@McCarter.com>; Proctor, Wyley <wproctor@McCarter.com>; Foley, Thomas F. <tfoley@McCarter.com>; psiddoway@sagepat.com; lborchers@sagepat.com
**Cc:** E. Bradley Evans <EBE@wardandsmith.com>; Joseph A. Schouten <JAS@wardandsmith.com>; Targowska, Anna <atargowska@Steptoe.com>; Lucia, Jamie <jlucia@Steptoe.com>; Hibey, James <jhibey@steptoe.com>; SJAquestiveNC <SJAquestiveNC@Steptoe.com>; Abramic, John <jabramic@Steptoe.com>
**Subject:** Indivior, Inc., et al. v. Biodelivery Sciences International, Inc. (5:15-cv-350)

**\*\*External Message\*\***

Attached for service is Plaintiffs' Notice of Third-Party Subpoenas.

 **Susan J. St. Clair**
North Carolina State Bar Certified Paralegal

**Ward and Smith, P.A.**
Post Office Box 8088 | Greenville, NC 27835-8088
Overnight Delivery:
120 West Fire Tower Road | Winterville, NC 28590
P: 252.215.4090 | F: 252.215.4077
V-card |  www.wardandsmith.com
Resources for North Carolina Businesses during COVID-19



If you have received this confidential message in error, please destroy it and any attachments without reading, printing, copying or forwarding it. Please let us know of the error immediately so that we can prevent it from happening again. You may reply directly to the sender of this message. Neither the name of Ward and Smith, P.A. or its representative, nor transmission of this email from Ward and Smith, P.A., shall be considered an electronic signature unless specifically stated otherwise in this email by a licensed attorney employed by Ward and Smith, P.A. Thank you.

**We are committed to helping you navigate the COVID-19 crisis. Please visit our Coronavirus Resource Center for important updates providing business guidance throughout this pandemic. For immediate questions, please email your McCarter contact or our COVID-19 Taskforce.**

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

 **E. Bradley Evans**
Attorney

**Ward and Smith, P.A.**
Post Office Box 8088 | Greenville, NC 27835-8088
Overnight Delivery:
120 West Fire Tower Road | Winterville, NC 28590
P: 252.215.4025 | F: 252.215.4077 | M: 252.916.6267
V-card |  www.wardandsmith.com
Resources for North Carolina Businesses during COVID-19



If you have received this confidential message in error, please destroy it and any attachments without reading, printing, copying or forwarding it. Please let us know of the error immediately so that we can prevent it from happening again. You may reply directly to the sender of this message. Neither the name of Ward and Smith, P.A. or its representative, nor transmission of this email from Ward and Smith, P.A., shall be considered an electronic signature unless specifically stated otherwise in this email by a licensed attorney employed by Ward and Smith, P.A. Thank you.

**We are committed to helping you navigate the COVID-19 crisis. Please visit our Coronavirus Resource Center for important**

**updates providing business guidance throughout this pandemic. For immediate questions, please email your McCarter contact or our COVID-19 Taskforce.**

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**We are committed to helping you navigate the COVID-19 crisis. Please visit our Coronavirus Resource Center for important updates providing business guidance throughout this pandemic. For immediate questions, please email your McCarter contact or our COVID-19 Taskforce.**

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**We are committed to helping you navigate the COVID-19 crisis. Please visit our Coronavirus Resource Center for important updates providing business guidance throughout this pandemic. For immediate questions, please email your McCarter contact or our COVID-19 Taskforce.**

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.